Seth J. Berntsen, WSBA #30379
Rebecca S. Singleton, WSBA #57719
Eva Oliver, WSBA #57019
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA  98104-2682
(206) 676-7000
*sethb@summitlaw.com*
*rebeccas@summitlaw.com*
*evao@summitlaw.com*

*Attorneys for Defendant Battelle Memorial Institute*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| ALARIC HARTSOCK, individually,<br><br>Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.<br><br>Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>[Removal from the Superior Court of the State of Washington, Benton County, Cause No. 26-2-01396-03]<br><br>[Clerk's Action Required] |

NOTICE OF REMOVAL - 1
CASE NO.

TO:      CLERK OF THE COURT;

AND TO:   ALARIC HARTSOCK, Plaintiff;

AND TO:   CARRIE M. COPPINGER and COPPINGER LAW P.S., Attorneys for Plaintiff.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Battelle Memorial Institute, dba Pacific Northwest National Laboratory ("Defendant"),[1] hereby removes to the United States District Court for the Eastern District of Washington the above-captioned lawsuit, originally filed as Case No. 26-2-01396-03 in Benton County Superior Court. A copy of the operative complaint (the "Complaint") is separately attached to this Notice as **Exhibit A**. In support of the removal, Defendant states as follows:

**Removal Is Timely**.

1.    Plaintiff filed this case on June 4, 2026 in Benton County Superior Court, Case No. 26-2-01396-03. Declaration of Seth J. Berntsen ("Berntsen Decl.") ¶2.

2.    Defendant first received notice of the Summons and Complaint on June 10, 2026 when Defendant was served with the Summons and Complaint. Berntsen Decl. ¶2.

---

[1] BMI operates and manages Pacific Northwest National Laboratory ("PNNL"). Berntsen Decl. ¶3.

NOTICE OF REMOVAL - 2
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

3.      This Notice of Removal is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

**Diversity of Citizenship Exists.**

4.      This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.

5.      Plaintiff alleges that he was a resident of Benton County, Washington "at all times relevant to the actions alleged" in the Complaint.  Exhibit A, ¶1.1. However, during his time as an employee of Defendant BMI, Plaintiff worked remotely in Oregon, and then as a hybrid employee. After separating from BMI, Plaintiff informed BMI that he moved to Oregon.  And at the time Plaintiff commenced this lawsuit, upon information and belief, he was permanently residing in Oregon. This is the operable time for determining Plaintiff's citizenship for purposes of diversity jurisdiction.   "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Upon information and belief, Plaintiff is a citizen of Oregon.

6.      Defendant BMI is an Ohio nonprofit corporation. Berntsen Decl., ¶3. BMI is headquartered and has its principal place of business in Ohio. *Id*. Accordingly, Defendant is a citizen of Ohio.

NOTICE OF REMOVAL - 3
CASE NO.

7. Although Plaintiff's Complaint also names several individual defendants in their "official capacity" as employees of non-forum defendant BMI, none of the individual defendants have been served. Accordingly, the forum defendant rule in 28 U.S.C. 1441(b)(2) does not apply as none of the individual forum defendants have been "properly joined and served." Furthermore, a plaintiff who serves a non-forum defendant before serving a forum defendant has effectively chosen to waive an objection to removal. *See HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Sec. Corp. Home Equity Loan Tr., Series 2007-MW1, Asset-backed Pass-through Certificates v. Fid. Nat'l Title Grp., Inc.*, 508 F. Supp. 3d 781, 789–90 (D. Nev. 2020), *citing Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013) ("If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint.").

### The Amount in Controversy Exceeds $75,000.

8. The amount in controversy exceeds the jurisdictional amount of $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court

NOTICE OF REMOVAL - 4
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Brumfield v. Standard Fire Ins. Co.*, No. 2:23-CV-0341-TOR, 2024 WL 621093, at *2 (E.D. Wash. Feb. 14, 2024) (same). Without making any admission of liability or damages with respect to any aspect of this case, Defendant BMI offers the following:

9.     Plaintiff's Complaint alleges employment discrimination based on disability, retaliation, wrongful termination in violation of public policy, negligent hiring, supervision and/or retention, and negligent infliction of emotional distress. Complaint, ¶¶4.1-7.3.

10.     Plaintiff's Complaint alleges that Defendant terminated his employment on or about November 21, 2024. *Id.*, ¶3.32.

11.     Plaintiff's Complaint alleges that he suffered damages as a result of the alleged acts and omissions, including damages for lost compensation, both past and future, including back pay, general damages for emotional distress, severe emotional distress and physical maladies, loss of enjoyment/quality of life, and injury to reputation. *Id.*, ¶¶4.5-4.6, 5.4, 7.3, 8.1-8.2.

12.     Plaintiff's Complaint also requests reasonable attorneys' fees. *Id.*, ¶8.5.

13.     While Plaintiff's Complaint does not include a specific calculation of his purported damages, Plaintiff sent a demand letter to BMI in which he claimed his

NOTICE OF REMOVAL - 5
CASE NO.

damages exceeded $75,000. Berntsen Decl., ¶4.    *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.")

14.    Based on the foregoing, Defendant has a good faith belief that the amount in controversy exceeds $75,000.

WHEREFORE, Defendant requests the removal of the above-referenced action from Benton County Superior Court and requests that further proceedings be conducted in this Court as provided by law.

DATED this 26th day of June, 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

Attorneys for Battelle Memorial Institute, dba Pacific Northwest National Laboratory

By *s/Seth J. Berntsen*
    Seth J. Berntsen, WSBA #30379
    Rebecca R. Singleton, WSBA #57719
    Eva Oliver, WSBA #57019
    sethb@summitlaw.com
    rebeccas@summitlaw.com
    evao@summitlaw.com

NOTICE OF REMOVAL - 6
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing to be served, as indicated, upon the following:

Carrie M. Coppinger
COPPINGER LAW P.S.
103 W. Main Street, Suite 202
Everson, WA 98247
cc@coppingerlawps.com
service@coppingerlawps.com

*Attorney for Plaintiff*

*Via CM/ECF, Email, and U.S. Mail*

DATED this 26th day of June, 2026.

s/Dominique Barrientes
Dominique Barrientes, Legal Assistant
dominiqueb@summitlaw.com

NOTICE OF REMOVAL - 7
CASE NO.

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

# EXHIBIT A

BENTON COUNTY
FILED
JUN 4 2026 9:40:05 AM
JOSIE DELVIN
BENTON COUNTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR BENTON COUNTY

| | |
|---|---|
| ALARIC HARTSOCK, individually,<br><br>Plaintiff,<br><br>VS.<br><br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.<br><br>Defendants. | NO. 26-2-01396-03<br><br>**COMPLAINT** |

COMES NOW, the above referenced Plaintiff, by and through their undersigned counsel, and hereby allege against Defendants as follows:

## I. PARTIES

1.1.    Plaintiff Alaric Hartsock (herein after Plaintiff Hartsock) was a single individual under the laws of the State of Washington and resident of Benton County, Washington at all times relevant to the actions alleged in this Complaint.

Page 1 – COMPLAINT

**COPPINGER LAW P.S.**

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

Plaintiff Hartsock was an employee of Defendant Battelle Memorial Institute, at all during all times relevant to this Complaint.

1.2.   At all times relevant hereto, Defendant Battelle Memorial Institute (herein after "Defendant Battelle") is a foreign nonprofit corporation incorporated in the state of Ohio and doing business in Benton County, Washington as operator of Pacific Northwest National Laboratory.   Defendant Battelle is responsible for all acts of its employees as agents, representatives and by way of Respondeat Superior.  All of Defendant Battelle's unlawful employment practices and acts toward Plaintiff Hartsock, which are the subject of this action, occurred in Benton County, Washington.

1.3.   Defendant Casey Pittman (herein after referred to as Defendant Pittman) is believed to be a resident of Benton County, Washington.  Defendant Pittman was a Human Resources representative of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint.  All acts or omissions by Defendant Pittman were done within the scope and course of her employment by Defendant Battelle.

1.4.   Defendants Jessica Delucchi (herein after referred to as Defendant Delucchi) and John Doe Delucchi are believed to be a married couple under the laws of the State of Washington and residents of Benton County, Washington at all times relevant hereto.  Defendant Pittman was a Group Leader of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint.  All acts or omissions by Defendant Delucchi were done within the scope and course of her employment by Defendant Battelle and for the benefit of

Page 2 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

the marital community.

1.5.    Defendant Steve Eklund (herein after referred to as Defendant Eklund) is believed to be a single resident of Benton County, Washington. Defendant Eklund was a Program Manager of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint. All acts or omissions by Defendant Eklund were done within the scope and course of his employment by Defendant Battelle.

1.6.    Defendants Mitchelle Tufford (herein after referred to as Defendant Tufford) and Jane Doe Tufford are believed to be a married coupled under the laws of the State of Washington and residents of Benton County, Washington at all times relevant hereto. Defendant Tufford was a Senior Software Engineer of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint. All acts or omissions by Defendant Tufford were done within the scope and course of his employment by Defendant Battelle and for the benefit of the marital community.

1.7.    All acts alleged by Defendants Pittman, Delucci, Eklund and Tufford were within the scope of their employment and on behalf of Defendant Battelle.

## II.    JURISDICTION AND VENUE

2.1.    All acts or omissions relevant to this Complaint took place in Benton County, Washington.

2.2.    This Court has jurisdiction over the parties to and subject matter of this action pursuant to RCW 49.60 *et seq.* and RCW 4.12.025.

2.3.    Venue is properly set in Benton County, Washington.

Page 3 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

## III. <u>FACTS</u>

3.1    In or around March 2021, Defendant Battelle hired Plaintiff Hartsock as an intern with the job title Tech Student 4.

3.2    In August 2021, Plaintiff Hartsock underwent his first performance evaluation by his manager, Glenn Fink. In this evaluation Plaintiff Hartsock's performance was rated as consistently "outstanding" to "distinguished" with a rating of "outstanding" under Professional Networking, and "distinguished" under Communications/Personal Relationships.

3.3    In August 2023, Plaintiff Hartsock's performance was evaluated by Rebecca Manoogian, Glenn Fink, and Katherine Hankins, who praised his technical accomplishments noting, "One of his greatest accomplishments was the creation of the "Stormtracker" visualization for my LDRD project. He updated it several times for this project and reduced the visualization software to a single small Python file from many notebooks' worth of raw material. His presentation of his work was very clear and accurate. He did an excellent job as a developer in the MAGE project".

3.4    In early 2024, Plaintiff Hartsock disclosed his protected mental health condition to his Team Lead, Ben Laroque, prior to applying to work as a Post-Bachelors Research Assistant (PBRA).

3.5    Mr. Laroque encouraged Plaintiff Hartsock to apply for the PBRA position and correctly advised that Plaintiff Hartsock's mental health condition would not make him ineligible for security clearance.

3.6    In mid-March 2024, after meeting all pre-employment

Page 4 – COMPLAINT

**COPPINGER LAW P.S.**

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

contingencies, Plaintiff Hartsock was hired as a PBRA.

3.7     Upon taking on the PBRA role, Plaintiff Hartsock disclosed his protected mental health condition to his new Team Lead, Paige Maxwell. Plaintiff Hartsock described his symptoms, and Ms. Maxwell told him that he should still apply for security clearance because mental health conditions do not per se disqualify an individual from obtaining such clearance.

3.8     Around this time, Plaintiff Hartsock disclosed to his line manager, Jeff Evans, his ulcerative colitis and ankylosing spondylitis and requested accommodation related to bathroom access.

3.9     On May 5, 2024, Plaintiff Hartsock completed a security clearance application and provided it to Defendant Battelle for review prior to submission to the Department of Energy. Plaintiff Hartsock's application indicated that he had never received a written warning, been officially reprimanded, suspended, or disciplined for misconduct in the workplace, such as a violation of security policy. He had no recent drug use or problematic use of alcohol. He had no foreign activities, relations, business, or travel. He had no criminal record. He was not a member of a terrorist organization. Plaintiff Hartsock properly disclosed his protected mental health diagnosis and the treatment he had properly pursued to address that condition.

3.10     Defendant Battelle's Safeguards and Security Office then reviewed Plaintiff Hartsock's application and withheld its submission to the Department of Energy out of concerns regarding Plaintiff Hartsock's mental health.

3.11     Defendant Battelle's Safeguards and Security Office then disclosed

Page 5 – COMPLAINT

COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

this withholding to Project Manager/Group Leader, Jeff Evans, and used it as a basis for termination of Plaintiff Hartsock.

3.12   On June 12, 2024, Mr. Evans, informed Plaintiff Hartsock that although his performance on projects had been more than satisfactory, the Safeguards and Security office had determined that Plaintiff Hartsock's employment would be terminated due to "unknown issues" with his security clearance application.

3.13   Plaintiff Hartsock asked what the reason was for his forthcoming termination, and Mr. Evans stated, "If you have an idea of what it might be, it's probably that."

3.14   Mr. Evans advised Plaintiff Hartsock he would be given a month to get positive letters of recommendation from current project managers for future employment.

3.15   Plaintiff Hartsock was immediately removed from all of projects that required interim security clearance.

3.16   On the same day, June 12, 2024, Plaintiff Hartsock reported mental health discrimination to HR via Defendant Battelle's Employee Concerns phone hotline.

3.17   Defendant Casey Pittman was the HR representative who was assigned and responded to the June 12, 2024 report.

3.18   On June 13, 2024, Plaintiff Hartsock filed a request for accommodation with HR regarding his protected mental health condition. Jon Dayton was the HR representative who addressed Plaintiff Hartsock's request for

Page 6 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

accommodation. The accommodation included intermittent flex schedule to work from home as necessary to mitigate the effects of mental health triggers as supported by Plaintiff Hartsock's treating doctor.

3.19   On June 14, 2024, records show that Plaintiff Hartsock's report of discrimination and request for accommodation resulted in Defendant Battelle temporarily shifting gears away from termination.  Division Director, Sharon Adams, began earnestly contacting other departments looking for somewhere to offload Plaintiff Hartsock, while HR ignored his accommodations request and failed to investigate his reports of discrimination.

3.20   On June 24, 2024, Plaintiff Hartsock followed up on his accommodation request, and coincidentally that same day had a placement found for him under Defendant Steve Eklund working on the Meeting Finder Reimagined project.  This was a role in the lab that did not require the security clearance whose application was being withheld.

3.21   Going forward, half of Plaintiff Hartsock's time was put on Meeting Finder Reimagined. The other half needed to be filled. Plaintiff Hartsock began to proactively look for work with the help of Defendant Pittman, the HR representative who had initially responded to his reports of discrimination.  He eventually landed on the project that he had previously worked on with Glenn Fink, assisting with a multi-laboratory research initiative between national laboratories to complete research for an internal laboratory initiative.

3.22   On June 27, 2024,  Plaintiff Hartsock followed up again on his submitted request for accommodation for his diagnosed mental health condition.

Page 7 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

3.23  In early July 2024, Ms. Adams and Defendant Pittman were attempting to coordinate somewhere to place Plaintiff Hartsock, all while continuing to fail to investigate his report of discrimination, and while the Safeguards and Securities Office continued to withhold his security clearance submission.

3.24  On July 10, 2024, Mr. Evans coordinated with Ms. Maxwell to reassign Plaintiff Hartsock as his direct report and point of contact for the "Coaching and Development Portal" (CDP) wherein employees are allowed to make anonymous feedback regarding the performance of their colleagues.

3.25  On July 15, 2024, Plaintiff Hartsock met with Mr. Dayton to finalize his accommodation related to his protected mental health status.  Mr. Dayton sent an email memorializing the meeting and providing Plaintiff Hartsock with necessary leave forms on July 18, 2024.

3.26  On July 18, 2024, the very same day that Plaintiff Hartsock's accommodation was approved, messages between Defendant Pittman and Mr. Evans show that Defendant Battelle uncancelled Plaintiff Hartsock's security clearance request.

3.27  On August 12, 2024, after having flagged Plaintiff Hartsock for termination upon review of his security clearance paperwork two months prior, Defendant Battelle submitted Plaintiff Hartsock's security clearance to the US Department of Energy for review.

3.28  In September and October 2024, despite submitting Plaintiff Hartsock's clearance paperwork, management continued to pursue a way to

Page 8 – COMPLAINT

COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

remove Plaintiff Hartsock and conferred regarding what pretense could be used to call his integrity into question, disparage his performance, and ultimately follow through on the initial desire to terminate his employment that began with his submission of a security clearance application in June.

3.29   During this period, Plaintiff Hartsock's only ally, Jeff Evans, was removed from his leadership position and replaced with Defendant Jessica Delucchi, who at that time had no working relationship with Plaintiff Hartsock whatsoever.

3.30   By mid-November 2024, Plaintiff Hartsock had begun working on a project to develop internal laboratory AI tools, led by Quentin Kreilmann, a project he was passionate about.  He was at that time billing 100% of his time to the project.

3.31   Funding for the project led by Mr. Kreilmann was secured through December and Mr. Kreilmann was actively looking for projects in the lab that Plaintiff Hartsock could pivot into.

3.32   On November 21, 2024, quite to the surprise of Mr. Kreilmann, who was totally blindsided, Plaintiff Hartsock was fired by Defendant Delucchi and the very same HR consultant to whom he made his discrimination report, Defendant Pittman.

3.33   The ostensible basis for Plaintiff Hartsock's termination was founded on CDP feedback presented by Defendants Mitchell Tufford and Steve Eklund.

3.34   Defendant Tufford was the lead on a project called Prison Pony that

Page 9 – COMPLAINT

COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

Plaintiff Hartsock had worked on for approximately two months. Defendant Tufford complained that Plaintiff Hartsock was working on his other approved work instead of devoting all his time to Prison Pony.

3.35    Defendant Eklund's feedback was that Plaintiff Hartsock was not a good fit for the Meeting Finder Reimagined project. He sharply criticized Plaintiff Hartsock's affect and complained that Plaintiff Hartsock took credit for his own achievements. He also asserted that Plaintiff Hartsock was "not committed to the work" because he was having other interviews, which, as described above, were being arranged by Defendant Pittman in HR.

3.36    This feedback was repeated nearly verbatim across numerous letters and other documents pertaining to Plaintiff Hartsock's termination. However, this ostensible reason for termination was clearly pretext and in bad faith.

3.37    All of the points of feedback  by Defendants Eklund and Tufford were in relation to allegations about performance after Plaintiff Hartsock was already told he would be terminated for discriminatory reasons, reported that discrimination, and sought accommodation for his properly disclosed and protected mental health condition.

3.38    All of the points of feedback by Defendants Eklund and Tufford were in relation to a role in which he was no longer working at the time of his termination.

3.39    The phone calls that Plaintiff Hartsock was criticized by Defendant Tufford for having were related to an approved billable project assisting with a

Page 10 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

multi-laboratory research initiative.

3.40 Plaintiff Hartsock, who was had disclosed an affective mental health condition, appears to have been terminated for owning his accomplishments and not performing enough affective "warmth" in the opinion of Defendant Eklund. Defendant Eklund even acknowledged that such affect may have been secondary to "nerves or being new to the environment," both of which are directly relatable to the stressful discrimination he was enduring.

3.41 Plaintiff Hartsock was criticized for not being interested in the role by applying for other roles without acknowledging that such behavior was being directly prompted and facilitated by both Defendant Pittman in HR and the Division Director, Sharon Adams.

## IV. <u>FIRST CAUSE OF ACTION</u>

**(Discrimination On The Basis Of Disability In Violation Of RCW 49.60 *Et Seq.*)**

4.1 Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 3.29 above, as if fully set forth herein.

4.2 The Washington Law Against Discrimination, RCW 49.60 et seq., prohibits discrimination in employment on the basis of disability and/or perceived disability.

4.3 Defendants' conduct constitutes unlawful discrimination based upon a real or perceived impairment of physical disability in violation of the Washington Law Against Discrimination.

4.4 With knowledge of Plaintiff's medical conditions/disability(ies), Defendant discriminated against Plaintiff, unlawfully withheld the submission of

Page 11 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

his security clearance application to the DOE, excluded him from promotion opportunities, and ultimately terminated Plaintiff's employment in close proximity to his approved accommodation request.

4.5    Plaintiff is entitled to recover all remedies afforded pursuant to RCW 49.60, et seq., including lost past and future wages, compensatory damages, costs, litigation expenses and attorney fees.

4.6    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer injuries and damages including past and future economic loss, pain and suffering, emotional distress, loss in quality of life and other general compensatory damages in an amount to be proven at trial.

## V. SECOND AND THIRD CAUSES OF ACTION

### (Retaliation and Wrongful Discharge in Violation of Public Policy)

5.1    Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 5.6 above, as if fully set forth herein.

5.2    Defendants' conduct towards Plaintiff Hartsock was in violation of public policy.

5.3    By the foregoing, Defendants' actions constituted unlawful retaliation against and wrongful discharge of Plaintiff Hartsock for reporting discriminatory behavior by Defendants and seeking reasonable accommodations for a protected mental health condition.

5.4    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer injuries and damages including past and future economic loss, pain and suffering, physical maladies, emotional distress,

Page 12 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

loss in quality of life and other general compensatory damages in an amount to be proven at trial.

## VI. FOURTH, FIFTH AND SIXTH CAUSES OF ACTION

### (Negligent Hiring, Supervision and/or Retention and Respondeat Superior)

6.1    Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 6.4 above, as if fully set forth herein.

6.2    Defendant Battelle is responsible, under respondeat superior for the deliberate, negligent and/or reckless acts or omissions of their supervisory, managerial and other personnel and employees done against Plaintiffs in the course of their employment.

6.3    Defendant Battelle knew, or in the exercise of reasonable care, should have known, that its employees presented a risk of harm to other employees' employment status because of discrimination based on disability and retaliation for asserting discrimination complaints, and complaining about discriminatory and retaliatory treatment, and Defendant Battelle's decision to hire and failure to adequately supervise Defendants Pittman, Delucchi, Tufford, and Eklund was the proximate cause of Plaintiff's injuries alleged herein.

## VII.    SEVENTH AND EIGHTH CAUSES OF ACTION

### (Negligent Infliction of Emotional Distress)

7.1    Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 7.3 above, as if fully set forth herein.

7.2    Defendants' conduct was with a reckless disregard of the harm it would cause.  Defendants violated their duty to act reasonably to avoid the

Page 13 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

negligent infliction of emotional distress upon Plaintiff.

7.3    As a proximate cause of this conduct, Plaintiff suffered severe emotional distress and physical maladies.

## VIII.    RELIEF REQUESTED

WHEREFORE, Plaintiff prays that the Court grant them the following relief:

8.1    For damages for lost compensation, including but not limited to unpaid wages and benefits, both past and future including back pay, in an amount to be proven at trial;

8.2    For general damages for emotional distress, suffering, physical maladies, loss of enjoyment/quality of life, and injury to reputation in an amount to be proven at trial;

8.3    For prejudgment interest;

8.4    For any tax relief warranted;

8.5    For Plaintiff's reasonable and actual attorney' fees, costs of suit and expenses incurred pursuant to RCW 49.48.030 and/or 49.60.030(2); and

8.6    Such other and further relief as this Court deems just and proper.

DATED this 3rd day of June, 2026.

COPPINGER LAW P.S.

Carrie M. Coppinger, WSBA #28817
Attorney for Plaintiff

Page 14 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax