Seth J. Berntsen, WSBA #30379
Rebecca S. Singleton, WSBA #57719
Eva Oliver, WSBA #57019
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA  98104-2682
(206) 676-7000
*sethb@summitlaw.com*
*rebeccas@summitlaw.com*
*evao@summitlaw.com*

Hon. Thomas O. Rice

*Attorneys for Defendant Battelle Memorial Institute*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| ALARIC HARTSOCK, individually,<br><br>Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.<br>                              Defendant. | CASE NO. 4:26-cv-05098-TOR<br><br>**DEFENDANT BATELLE MEMORIAL INSTITUTE'S MOTION TO DISMISS**<br><br>8/31/2026<br>Without Oral Argument |

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

TABLE OF CONTENTS

I.      INTRODUCTION...................................................................................... 1

II.     FACTUAL BACKGROUND ...................................................................... 2

III.    PROCEDURAL BACKGROUND................................................................ 5

IV.     AUTHORITY & ARGUMENT.................................................................... 6

        A.      Legal Standard.................................................................... 6

        B.      Plaintiff Fails to State an Actionable
                Retaliation Claim. ............................................................ 6

        C.      Plaintiff Fails to State an Actionable Claim for
                Wrongful Discharge in Violation of Public Policy. ........... 9

        D.      Negligent Hiring, Supervision, Retention and
                Respondeat Superior Claims Fail.................................... 10

                1.      Negligent Hiring, Supervision and/or
                        Retention.............................................................. 11

                2.      Respondeat Superior............................................... 15

        E.      Plaintiff Has Failed to Plead an Actionable Claim
                for NIED. .......................................................................... 16

                1.      NIED and Discrimination Claims Are
                        Duplicative........................................................... 16

                2.      BMI Did Not Owe Plaintiff a Duty to Avoid
                        Causing Distress in Managing or Terminating
                        His Employment.................................................... 17

V.      CONCLUSION....................................................................................... 19

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - ii
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

# TABLE OF AUTHORITY

**Cases**

*Anaya v. Graham*, 89 Wn. App. 588 (1998) ................................................................... 17

*Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343 (2018) ....................................... 11, 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................ 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 6

*Betty Y. v. Al-Hellou*, 98 Wn. App. 146 (1999) ............................................................ 13

*Bishop v. State*, 77 Wn. App. 228 (1995) ...................................................................... 18

*Briggs v. Nova Servs.*, 147 P.3d 616 (Wash. Ct. App. 2006) ........................................ 13

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. 2012) ................................................. 6

*Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 430 P.3d 229 (2018) ............................... 7

*Danny v. Laidlaw Transit Servs., Inc.*, 165 Wn.2d 200, 193 P.3d 128 (2008) ................. 9

*Earl on behalf of Salyers v. Campbell*, 34 Wash. App. 2d 632 ...................................... 11

*Ehrhart v. King Cnty*, 195 Wn.2d 388 (2020) ............................................................... 18

*Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070 (W.D. Wash. 2014) ............... 16

*Evans v. Tacoma Sch. Dist. No. 10*, 195 Wn. App. 25 (2016) ........................... 11, 15, 16

*Fulbright v. Dayton Sch. Dist. 2*, No., C13-0030TOR, 2013 WL 1497388 (E.D. Wash. Apr. 10, 2013) ............................................................................................................... 15

*Goodson v. Triumph Composite Sys.*, No. 13-CV-0289-TOR, 2014 WL 6908743 (E.D. Wash. Dec. 8, 2014) ........................................................................................................ 7

*Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990) .................................. 15

*Horman v. Sunbelt Rentals Inc.*, No. C20-564 TSZ, 2020 WL 4366185 (W.D. Wash. July 30, 2020) ........................................................................................................ 12

*Horne v. Seattle City Light*, No. 2:25-CV-01606-JNW, 2026 WL 445559 (W.D. Wash. Feb. 17, 2026) ........................................................................................................ 17

*Hunsley v. Giard*, 87 Wn.2d 424 (1976) ....................................................................... 18

*Kahn v. TransForce, Inc.*, 2023 WL 346627 (W.D. Wash. Jan. 20, 2023) ....................... 8

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - iii
CASE NO. 4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

*LaPlant v. Snohomish Cnty*, 162 Wn. App. 476 (2011) ........................................................................11

*Lords v. N. Auto Corp.*, 75 Wn. App. 589 (1994)...............................................................................18

*Martin v. Gonzaga Univ.*, 191 Wn.2d 712 (2018) ...............................................................................9

*Niece v. Elmview Grp. Home*, 131 Wn.2d 39 (1997) ........................................................................15

*Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 6 Wn. App. 2d 803 (2018)..........................9

*Schooley v Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468 (1998) ..............................................................18

*Snyder v. Medical Serv. Corp. of Eastern Wash.*, 98 Wn. App. 315 (1999) .....................................18

*Snyder*, 145 Wn.2d........................................................................................................................18

*Williams v. Recovery Innovations Inc*, No. 3:24-CV-05496-DGE, 2026 WL 1291915 (W.D. Wash. May 12, 2026)................................................................................................................................7

*Woods v. Washington*, 475 Fed. Appx. 111 (9th Cir. 2012) ...............................................................8

*Zellmer v. Constantine*, No. C10-1288MJP, 2015 WL 1611939 (W.D. Wash. Apr. 9, 2015)........15

**Statutes**

28 U.S.C. § 1332(a) ...........................................................................................................................5
RCW 49.60.210 .................................................................................................................................6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................1, 6, 12, 17

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - iv
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## I.  INTRODUCTION

Plaintiff Alaric Hartsock ("Plaintiff") brings this action against his former employer, Battelle Memorial Institute ("BMI"), and four of its employees arising out of the termination of his employment in November 2024. Plaintiff asserts seven different causes of action, all but one are legally deficient on their face and cannot survive scrutiny under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's retaliation and wrongful discharge claims share a common and fatal deficiency: the Complaint pleads no facts plausibly suggesting that BMI terminated Plaintiff's employment — or took any other adverse action against him — because he complained about alleged discrimination or requested accommodation.

Plaintiff's negligent hiring, retention, and supervision claims fare no better as the Complaint fails to allege that any of the four named individual defendants acted outside the scope of their employment, or that BMI knew or should have known that they were unfit or presented a risk of harm.

Finally, Plaintiff's NIED fails because it is duplicative of his discrimination claim, and because Washington law does not impose on employers a duty of care to avoid causing emotional distress in the ordinary course of managing and terminating employment.

For these reasons, and as set forth more fully below, BMI respectfully requests that the Court dismiss each of Plaintiff's claims with the exception of Plaintiff's first cause of action for disparate treatment disability discrimination.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 1
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## II.  FACTUAL BACKGROUND[1]

Plaintiff worked for BMI from around March 2021 until November 2024. Complaint, ¶¶3.1, 3.32.  He was initially hired as an intern Tech Student 4. *Id.*, ¶3.1. In early 2024, prior to applying to work as a Post-Bachelors Research Assistant ("PBRA"), Plaintiff disclosed a mental health condition to his Team Lead, Ben Laroque. *Id.*, ¶3.4. Laroque encouraged Plaintiff to apply for the position and advised that his mental health condition would not make him ineligible for security clearance. *Id.*, ¶3.5. In mid-March 2024, Plaintiff was hired as a PBRA. *Id.*, ¶3.6

Upon taking on the new role, Plaintiff disclosed his mental health condition to his new Team Lead, Paige Maxwell. *Id.*, ¶3.7. Maxwell told him that he should still apply for a security clearance because mental health conditions are not per se disqualifying.  *Id.* Around this time Plaintiff disclosed to his line manager, Jeff Evans, two conditions (ulcerative colitis and ankylosing spondylitis) and requested accommodation related to bathroom access.  *Id.*, ¶3.8.

On May 5, 2024, Plaintiff completed and submitted a security clearance application to BMI for review prior to submitting it to the Department of Energy ("DOE"). *Id.*, ¶3.9. In it, Plaintiff disclosed his mental health diagnosis and treatment. *Id.*, ¶3.9.

---

[1] For purposes of this Motion, this statement of facts is derived from Plaintiff's Complaint. BMI does not concede, and reserves the right to later challenge, Plaintiff's rendition of the facts.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 2
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

BMI's Safeguards and Security Office then reviewed the application and did not submit it to the DOE out of concerns regarding Plaintiff's mental health. *Id.*, ¶3.10. Plaintiff further alleges that BMI's Safeguards and Security Office then disclosed the withholding of the application to Evans and allegedly "used it as a basis for termination of Plaintiff … ." *Id.*, ¶3.11.

On June 12, 2024, Line Manager, Jeff Evans, informed Plaintiff that his employment would be terminated due to "unknown issues" with his security clearance application. *Id.*, ¶3.12. Evans further advised Plaintiff that he had a month to get positive letters of recommendation for future employment, and he was removed from all projects that required interim security clearance. *Id.*, ¶¶3.14-3.15.

The same day, Plaintiff made a report of mental health discrimination to Human Resources via BMI's Employee Concerns phone hotline. *Id.*, ¶3.16. HR representative Casey Pittman was assigned and responded to Plaintiff's report. *Id.*, ¶3.17. On June 13, 2024, Plaintiff requested accommodation for this mental health condition with HR. *Id.*, ¶3.18.

On June 14, 2024, Plaintiff alleges BMI "shifted gears away from" terminating Plaintiff's employment as a result of his request for accommodation and report of discrimination. *Id.*, ¶3.19. Division Director Sharon Adams began looking for other positions at BMI for Plaintiff. *Id.*, ¶3.19. Allegedly, BMI initially ignored Plaintiff's accommodation request and did not investigate his report of discrimination. *Id.*

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 3
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

On June 24, 2024, Plaintiff was placed into a new half-time position on the Meeting Finder Reimagined project with Program Manager Steve Eklund. *Id.*, ¶¶1.5, 3.20-3.21. This position did not require a security clearance. *Id.* Plaintiff worked with HR representative Pittman to find another position to fill the other half of his time. *Id.*, ¶3.21. Eventually Plaintiff landed on the same project on which he had previously worked with Glenn Fink, assisting with a multi-laboratory research initiative. *Id.*

On July 10, 2024, Evans coordinated with Maxwell to reassign Plaintiff as his direct report for "Coaching and Development Portal" wherein employees are allowed to make anonymous feedback regarding the performance of colleagues. *Id.*, ¶3.24.

On July 18, 2024, BMI approved Plaintiff's accommodation request, and "uncancelled" his security clearance request. *Id.*, ¶3.26. On August 12, 2024, BMI submitted Plaintiff's security clearance application to DOE for review. *Id.*, ¶3.27.

In September and October 2024, Plaintiff alleges that BMI management continued to pursue a way to remove Plaintiff and conferred regarding "what pretense" could be used to terminate him. *Id.*,¶3.28. During this period, Evans was removed from his leadership position and replaced with Jessica Delucchi, Group Leader. *Id.*, ¶1.4, 3.29.

By mid-November 2024, Plaintiff began working 100% of the time on a project led by Quentin Kreilmann. Id., ¶3.30.

On November 21, 2024, BMI fired Plaintiff allegedly based on feedback from Eklund and Mitchell Tufford, a senior software

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 4
CASE NO.  4:26-CV-05098-TOR

engineer). Id., ¶¶1.6, 3.32-3.33.  Tufford's feedback complained that Plaintiff did not devote all his time to a project they previously worked. *Id.*, ¶3.34. Eklund's feedback criticized Plaintiff's "affect," taking credit for his achievements, not being committed to the work, and not being a good fit for the project. *Id.*, ¶3.35. Plaintiff further alleges that Eklund acknowledged that Plaintiff's "affect" may have been secondary to "nerves or being new to the environment." *Id.*, ¶3.40.

### III.  PROCEDURAL BACKGROUND

On June 4, 2026, Plaintiff filed the instant Complaint in Benton County Superior Court. *See* Dkt. 1, pp.8-22. The Complaint alleges seven causes of action:  disability discrimination, retaliation, wrongful discharge in violation of public policy, negligent hiring, negligent retention, negligent supervision, and NIED. *Id*. The Complaint also purports to allege a claim for "respondeat superior," but as discussed below, such is not an independent claim but a theory of liability and one which is inapplicable here.

On June 10, 2026, Plaintiff served the Complaint and Summons on Defendant BMI. Dkt. 2 (Berntsen Decl.), ¶2. Defendant BMI timely removed this matter to this Court pursuant to 28 U.S.C. § 1332(a). Dkt. 1. Upon information and belief, the individually named defendants have not been served.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 5
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## IV. AUTHORITY & ARGUMENT

**A.      Legal Standard.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The court is not required to accept as true legal conclusions, conclusory statements, unreasonable inferences, or "formulaic recitation[s] of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

**B.      Plaintiff Fails to State an Actionable Retaliation Claim.**

Plaintiff's second cause of action alleges that Defendants retaliated against him for reporting discriminatory behavior and for seeking reasonable accommodations.   Complaint, ¶¶5.1-5.4. Plaintiff does not identify the legal basis—statutory, common law, or otherwise—for his retaliation claim.   Nonetheless, Plaintiff asserts this claim under the employment anti-retaliation provision of the Washington Law Against Discrimination ("WLAD"), RCW 49.60.210.

A retaliation claim under this statute has three elements: (1) the employee took a statutorily protected action, (2) the employee suffered an adverse employment action, and (3) a causal link between

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 6
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

the employee's protected activity and the adverse employment action. *Williams v. Recovery Innovations Inc*, No. 3:24-CV-05496-DGE, 2026 WL 1291915, at *6 (W.D. Wash. May 12, 2026), *citing Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 411, 430 P.3d 229 (2018); *see also Goodson v. Triumph Composite Sys.*, No. 13-CV-0289-TOR, 2014 WL 6908743, at *12 (E.D. Wash. Dec. 8, 2014).

Plaintiff's retaliation claim is expressly premised on his June 12, 2024 report of discrimination and June 13, 2024 request for accommodation. Compl., ¶¶3.16, 3.18, 5.3. This Motion assumes such allegations satisfy the protected activity element.  And the Complaint further alleges Plaintiff suffered an adverse action when he was terminated on November 21, 2024. *Id.*,¶3.32.

But fatally, the Complaint fails to allege any facts plausibly suggesting that BMI terminated Plaintiff's employment or took any other adverse action against him because he reported discrimination or because he requested accommodation. Instead Plaintiff alleges that BMI failed to investigate his June 12, 2024 discrimination report, initially "ignored" his accommodation request, requiring him to "followed up," and later "approved" his request. *Id.*, ¶¶3.19, 3.20, 3.223.23 3.25, 3.26.

Nowhere in the Complaint are facts alleged suggesting BMI terminated Plaintiff's employment or (took any other adverse action against him) for requesting accommodation or reporting discrimination. Nor does it allege that anyone at BMI harbored or expressed animosity towards Plaintiff for requesting accommodation or reporting discrimination. In fact, to the contrary, the Complaint

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 7
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

alleges that BMI "shifted gears *away from termination*" due to Plaintiff's discrimination report and accommodation request. Compl., ¶3.19 (emphasis added).

Plaintiff repeatedly alleges that BMI terminated his employment *not* due to any opposition activity but due to his disclosed mental health condition and associated concerns about his security application. *See*, *id*., ¶¶3.11-3.13, 3.40. If, as Plaintiff alleges, BMI terminated his employment due to a disability, such allegations would support a disparate treatment disability discrimination claim—Plaintiff's first cause of action—*not* a retaliation claim which must be premised upon opposition activity.

Moreover, causation cannot be inferred from the timing of events. BMI terminated Plaintiff's employment roughly eight months after he first requested accommodation, and more than five months after he reported discrimination. *See id.*, ¶¶3.6-3.8 (plaintiff first requested accommodation around the time he took new PBRA role in mid-March 2024), ¶3.16 (Plaintiff reported discrimination on June 12, 2024); ¶3.32 (employment terminated November 21, 2024); *see also Kahn v. TransForce, Inc.*, 2023 WL 346627, at *3 (W.D. Wash. Jan. 20, 2023) (citations omitted) (court "may not infer causation from temporal proximity unless the time between the employer's knowledge of the protected activity and the adverse employment action is very close."); *Woods v. Washington*, 475 Fed. Appx. 111, 113 (9th Cir. 2012) ("eight-month interval does not permit an inference of causation").

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 8
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

In sum, because the Complaint fails to plead sufficient facts to support an actionable retaliation claim, it should be dismissed.

**C.      Plaintiff Fails to State an Actionable Claim for Wrongful Discharge in Violation of Public Policy.**

Plaintiff's third cause of action asserts a claim for wrongful termination in violation of public policy. Compl., ¶¶5.1-5.4. It is yet another threadbare claim premised upon the same minimal allegations upon which Plaintiff premises his retaliation claim. This claim too fails.

A claim for wrongful discharge in violation of public policy, represents a "narrow exception to the terminable-at-will doctrine." *Danny v. Laidlaw Transit Servs., Inc.*, 165 Wn.2d 200, 207, 193 P.3d 128 (2008). The claim is considered a "tort of last resort" and courts must "proceed cautiously." *Williams*, *supra* at *5 (internal citation omitted).

A plaintiff pursuing a wrongful discharge claim must plead and ultimately prove that their employment termination was motivated by reasons that contravene an important mandate of public policy. *Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 6 Wn. App. 2d 803, 829-30 (2018). Put another way, the claimant must plead and prove that they engaged in public-policy-linked conduct that was a "significant factor" in the termination of their employment. *Martin v. Gonzaga Univ.*, 191 Wn.2d 712, 725 (2018).

Even assuming Plaintiff's discrimination report and accommodation request constituted public-policy-linked conduct, his wrongful discharge claim fails for the same reason as his

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 9
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

retaliation claim: There are no facts alleged in the Complaint suggesting BMI terminated his employment due to either. Again, as described above, Plaintiff alleges only that BMI ignored his discrimination report and accommodation request, before granting the latter. And while Plaintiff repeatedly alleges BMI terminated his employment due to his mental health and associated security clearance issues, such allegations support a different claim that is not the subject of this Motion (disparate treatment discrimination), not a claim for wrongful termination in violation of public policy. Finally, as with Plaintiff's retaliation claim, causation cannot be inferred from the significant time period between his alleged protected activities and the termination of his employment.

In short, the Court should dismiss Plaintiff's wrongful termination claim as the Complaint fails to allege sufficient facts to support that claim.

**D.    Negligent Hiring, Supervision, Retention and Respondeat Superior Claims Fail.**

Plaintiff's fourth, fifth and sixth causes of action assert Negligent Hiring, Negligent Supervision and/or Retention and Respondeat Superior against BMI. Although Plaintiff makes the same allegations for each of these claims, BMI addresses negligent hiring, supervision and/or retention separate from respondeat superior.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 10
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

### 1.   Negligent Hiring, Supervision and/or Retention.

Plaintiff's negligent hiring, supervision, and retention claims are, like all others, threadbare and conclusory, failing to identify the most basic facts, such as who BMI negligently hired, supervised, or retained. They fail at the pleading stage for two principal reasons: Plaintiff fails to allege, as he must, that: (1) the employees at-issue acted outside the scope of their employment, and (2) that BMI knew or should have known of the "unfitness" of any employee who allegedly caused him harm, or that any such employee posed a risk of harm.

### a.   Plaintiff Alleges BMI Employees Acted *Within* the Scope of Employment.

Claims for negligent hiring, supervision, and retention must be premised upon allegations that the employee who allegedly harmed plaintiff acted outside the scope of his/her employment. Where, as here, the alleged actions occurred *within* the scope of employment, no such claim can be maintained. *See Earl on behalf of Salyers v. Campbell*, 34 Wash. App. 2d 632, 641, *review granted sub nom. Earl v. City of Tacoma,* 5 Wn. 3d 1021 (2025); *see also*, *Evans v. Tacoma Sch. Dist. No. 10*, 195 Wn. App. 25, 47 (2016) ("[A]n injured party generally cannot assert claims for negligent hiring, retention, supervision or training of an employee when the employer is vicariously liable for the employee's conduct.") (*citing LaPlant v. Snohomish Cnty*, 162 Wn. App. 476, 479-80 (2011); *Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343, 361 (2018) (explaining that "an action based on negligent training and supervision is applicable *only* when the employee is acting outside the scope of his

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 11
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

employment") (emphasis in original) (internal citation and quotation omitted).

Assuming that these claims are premised upon the alleged actions of the individual defendants, they fail as a matter of law because Plaintiff alleges that "all acts or omissions" by each "were done within the scope and course of her [his] employment." Complaint, ¶¶1.3-1.7. To the extent that Plaintiff premises these claims upon the actions of other BMI employees, nowhere in the Complaint is it alleged that *any* BMI employee acted outside the scope of employment. *See Horman v. Sunbelt Rentals Inc.*, No. C20-564 TSZ, 2020 WL 4366185, at *6 (W.D. Wash. July 30, 2020) (granting FRCP 12(b)(6) motion to dismiss negligent supervision claim where plaintiff's complaint failed to allege any of defendant's employees acted outside scope of employment and, in fact, alleged the opposite). These claims should be dismissed on this basis alone.

    **b.**   <u>Plaintiff Fails to Allege that BMI Knew or Should Have Known that Any Employee was Unfit or Presented a Risk of Harm.</u>

Plaintiff's negligent hiring and retention claims fail for the additional reason that the Complaint fails to allege that BMI knew or should have known of the "unfitness" of any employee who allegedly caused him harm, or that any such employee posed a risk of harm. To properly plead a negligent hiring and/or retention claims, the plaintiff must allege (and ultimately prove) that the "(1) the employer knew, or in the exercise of ordinary care, should have known of the employee's unfitness before the occurrence; and

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 12
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

(2) retaining the employee was a proximate cause of the plaintiff's injuries." *Betty Y. v. Al-Hellou*, 98 Wn. App. 146, 148-49 (1999). Similarly, to establish a claim for negligent supervision, a plaintiff must show that (1) the employee acted outside the scope of his employment; (2) the employee presented risk of harm; (3) the employer knew, or should have known in the exercise of reasonable care, that the employee posed a risk to others; and (4) the employer's failure to supervise was a proximate cause of the loss. *Briggs v. Nova Servs.*, 147 P.3d 616, 622 (Wash. Ct. App. 2006).

Plaintiff's negligent hiring, supervision, and retention claims fail because he fails to allege that BMI knew or should have known of the unfitness of any particular employee who allegedly harmed Plaintiff or that such person posed a risk of harm. Plaintiff fails to allege any facts suggesting that any of the four named individual defendants (or any other BMI employee) was unfit or incompetent for the position they held at the time they were hired or at any point during their employment. Nor does he allege that they had previously engaged in any action which put BMI on notice that they posed a risk of harm to any other employee. Plaintiff is entirely silent on:

- What Defendant Pittman's, Delucchi's, Tufford's, or Eklund's qualifications were at the time of their respective hirings, or any deficiencies therein;

- Any red flags associated with any of the four individual defendants before or during their employment that would have

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 13
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

placed BMI on notice of a propensity to discriminate or retaliate;

- Any facts showing that BMI was aware, or through reasonable diligence should have been aware, of any prior conduct by these individuals suggesting a risk of the type of harm alleged;

- Any facts suggesting Pittman, Delucchi, Tufford, or Eklund had any history of discriminatory conduct, retaliatory behavior, or other conduct reflecting a propensity to harm colleagues prior to the events alleged in the Complaint; and

- Any facts distinguishing between what BMI knew at the time of hiring (relevant to negligent hiring) versus what it learned or should have learned in the course of employment (relevant to negligent retention).

Plaintiff's other allegations are pure legal conclusions which are insufficient. Plaintiff alleges in the most conclusory fashion: "Defendant Battelle knew, or in the exercise of reasonable care, should have known, that its employees presented a risk of harm to other employees' employment status because of discrimination based on disability and retaliation for asserting discrimination complaints." *Id.*, ¶ 6.3. This is not a factual allegation, but a formulaic recitation of the legal standard which the Court should ignore.

The Court should dismiss Plaintiff's negligent hiring and retention claims.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 14
CASE NO.  4:26-CV-05098-TOR

## 2.    Respondeat Superior.

Respondeat superior, or vicarious liability, imposes liability on an employer for the torts of an employee who is acting on the employer's behalf within the scope of employment. *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48 (1997). Respondeat superior is analytically distinct and separate from a cause of action for negligent hiring, retention, and supervision. *Id.* The critical distinction between the two lies in their respective triggering conditions: respondeat superior applies when an employee acts *within* the scope of employment, whereas negligent hiring, retention, and supervision creates a limited duty running to third parties even when the employee acts *outside* the scope of employment. *Evans*, 195 Wn. App. at 47 (emphasis added).

Critically, respondeat superior "is not an independent cause of action." *Zellmer v. Constantine*, No. C10-1288MJP, 2015 WL 1611939, at *3 (W.D. Wash. Apr. 9, 2015); *Fulbright v. Dayton Sch. Dist. 2*, No. C13-0030TOR, 2013 WL 1497388, at *6 (E.D. Wash. Apr. 10, 2013) ("Respondeat superior . . . is a theory of liability rather than a separate cause of action." (citing *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1576-77 n.28 (9th Cir. 1990))). Because it is a theory of liability rather than a free-standing claim, respondeat superior must be tethered to a viable underlying tort action to have any operative effect. Where as here, there is no cognizable predicate tort, a respondeat superior theory cannot survive independently. A theory of liability that has no underlying tort to attach to is a nullity. *Zellmer*, 2015 WL 1611939, at *3.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 15
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

For this reason, Washington courts have further held that where an employer is vicariously liable for an employee's conduct – that is, where the employee was acting within the scope of employment – an injured party cannot simultaneously maintain claims for negligent hiring, retention, or supervision based on that same conduct. *Evans*, 195 Wn. App. at 47; *Anderson*, 191 Wn.2d at 373-74.

Because Plaintiff's respondeat superior theory is not an independent cause of action, it should be dismissed.  Further, because that theory of liability is wholly premised on his negligent hiring and retention claims, and because those claims must be dismissed for the reasons set forth above, the respondeat superior theory must be dismissed as well.

**E.    Plaintiff Has Failed to Plead an Actionable Claim for NIED.**

As with Plaintiff's other claims, his NIED claim is nothing more than a recitation of the claim elements, and fails to identify any particular duty or describe how it was breached. It fails on these grounds, as well as for the following two reasons: First, it is duplicative of his WLAD claim. And second, BMI did not owe Plaintiff a duty of care to avoid causing him emotional distress in managing or in terminating his employment.

**1.    NIED and Discrimination Claims Are Duplicative.**

Washington courts have held that common law tort claims, such as NIED, that are based on the same facts underpinning a plaintiff's claim for unlawful discrimination, are duplicative of the discrimination claim and therefore must be dismissed. *Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070, 1093 (W.D. Wash.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 16
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

2014); *see also Anaya v. Graham*, 89 Wn. App. 588, 595 (1998) (affirming trial court's dismissal of claim based on outrage because it "duplicates discrimination claim"); *see also Horne v. Seattle City Light*, No. 2:25-CV-01606-JNW, 2026 WL 445559, at *2-3 (W.D. Wash. Feb. 17, 2026) (granting Rule 12(b)(6) motion to dismiss NIED claim because it was based upon same facts as discrimination claim and improperly duplicative).

Here, all of Plaintiff's claims arise out of the same set of operative facts. Plaintiff's NIED "restates and realleges the allegations set forth in paragraphs 1.1 through 7.3 above, as if fully set forth herein." Compl. ¶ 7.1. This incorporation sweeps in not only the factual background, *id*., ¶¶ 3.1-3.41, but also the allegations specifically pleaded in support of Plaintiff's First Cause of Action for disability discrimination, *id.*, ¶¶ 4.1-4.6. Plaintiff does not allege any independent facts unique to the NIED claim; rather, the NIED claim is built entirely on the same conduct already alleged to constitute unlawful discrimination and retaliation. Plaintiff's NIED claim should be dismissed on this basis.

**2.    BMI Did Not Owe Plaintiff a Duty to Avoid Causing Distress in Managing or Terminating His Employment.**

Plaintiff's NIED claim fails for the independent reason that BMI did not owe him an actionable duty of care to avoid causing emotional distress in managing his employment issues or in terminating his employment. To sustain a NIED claim, a plaintiff must first prove the four elements of negligence: duty, breach,

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 17
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

causation, and damage. But not every negligent act that causes harm results in legal liability for emotional distress. *Hunsley v. Giard*, 87 Wn.2d 424, 434 (1976).

For an NIED cause of action "the threshold question is whether the defendant owes a duty of care to the injured plaintiff." *Schooley v Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 474 (1998). "The question of duty is dispositive – No defendant is liable for negligence unless [they are] under a legal duty to use care." *Ehrhart v. King Cnty*, 195 Wn.2d 388, 396 (2020) (internal citation and quotation omitted). The existence of a duty depends on "mixed considerations of logic, common sense, justice, policy, and precedent." *Snyder v. Medical Serv. Corp. of Eastern Wash.*, 98 Wn. App. 315 (1999) *aff'd*, 145 Wn.2d 233, 243 (2001).

Washington courts have made clear that employers like BMI do not owe a duty to provide their employees with a stress-free workplace, nor do they owe a duty to use reasonable care to avoid the inadvertent infliction of emotional distress when terminating an employee's employment. *See Snyder*, 145 Wn.2d at 243-45; *Bishop v. State*, 77 Wn. App. 228, 235 (1995) ("employers do not owe employees a duty to use reasonable care to avoid the inadvertent infliction of emotional distress when responding to workplace disputes"); *Lords v. N. Auto Corp.*, 75 Wn. App. 589, 595 (1994), (absent a "clear mandate of public policy," an employee has no cause of action against their employer for negligent infliction of emotional distress when at-will employment is terminated), *as amend. on denial of reconsideration* (Sept. 1, 1994), *and overruled*

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 18
CASE NO. 4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

*on other grounds by Mackay v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302 (1995).

Plaintiff improperly premises his NIED claim on inactionable, day-to-day personnel management actions, including: the processing and internal review of a security clearance application, Compl. ¶¶ 3.9-3.11, 3.26-3.27; supervisory communications regarding the status of Plaintiff's employment, *id.*, ¶¶ 3.12-3.14; the handling of an internal discrimination complaint and accommodation request through HR channels, *id.*, ¶¶ 3.16-3.19, 3.22, 3.25; reassignment of job duties and projects, *id.*, ¶¶ 3.20-3.21, 3.24, 3.30; performance feedback submitted through the company's internal Coaching and Development Portal, *id.*, ¶¶ 3.24, 3.33-3.38; and the ultimate decision to terminate Plaintiff's employment, *id.*, ¶ 3.32. Each of these is a garden-variety personnel management function. Washington law does not impose a free-standing tort duty on employers to avoid causing employees distress in performing these functions.

Because Plaintiff's NIED claim is premised upon an inactionable legal theory—that BMI owed him a duty of care to avoid causing him emotional distress in managing and terminating his employment—it should be dismissed for this additional reason.

### V.  CONCLUSION

For the reasons set forth herein, BMI respectfully requests that the Court grant BMI's Motion to Dismiss.

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 19
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

DATED this 6th day of July, 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

Attorneys for Battelle Memorial Institute, dba Pacific Northwest National Laboratory

By *s/Seth J. Berntsen*
    Seth J. Berntsen, WSBA #30379
    Rebecca R. Singleton, WSBA #57719
    Eva Oliver, WSBA #57019
    sethb@summitlaw.com
    rebeccas@summitlaw.com
    evao@summitlaw.com

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 20
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing to be served, as indicated, upon the following participants:

Carrie M. Coppinger                    ***Via CM/ECF,***
COPPINGER LAW P.S.                     ***Email, and U.S.***
103 W. Main Street, Suite 202          ***Mail***
Everson, WA 98247
cc@coppingerlawps.com
service@coppingerlawps.com

*Attorney for Plaintiff*

DATED this 6th day of July, 2026.

                                        *s/Dominique Barrientes*
                                        Dominique Barrientes, Legal
                                        Assistant
                                        dominiqueb@summitlaw.com

DEFENDANT BATELLE MEMORIAL INSTITUTE'S
MOTION TO DISMISS - 21
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001