THE HONORABLE THOMAS O. RICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

ALARIC HARTSOCK, individually,

Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE, a
foreign non-profit corporation and operator of
Pacific Northwest National Laboratory, CASEY
PITTMAN, in her official capacity, JESSICA
DELUCCHI and JOHN DOE DELUCCHI, in
her official capacity and as a marital
community, STEVE EKLUND, in his official
capacity, and MITCHELL TUFFORD and
JANE DOE TUFFORD, in his official capacity
and as a marital community.

Defendants.

NO.  4:26-cv-05098-TOR

**PLAINTIFF'S OBJECTION TO
REMOVAL AND MOTION TO
REMAND PURSUANT TO 28 U.S.C. §
1447(c)**

NOTE ON MOTION CALENDAR:
August 26, 2026
Without Oral Argument

## I.    BACKGROUND AND RELIEF REQUESTED

The Plaintiff, Alarick Hartson, requests this matter be remanded back to the Superior

Court of Washington in and for Pierce County.  Defendant Battelle Memorial Institute has no

sustainable basis to require this Court to retain jurisdiction.  The action solely involves claims

violating Washington state law. No federal question exists. Nor does diversity jurisdiction

PLAINTIFF'S MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447(c) - 1 of 8



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

exist. Defendants Pittman, Delucchi, Eklund, and Tufford are Washington residents. This is not a case of fraudulent joinder.

On or about June 4, 2026, this action was appropriately filed in state court against Defendant Battelle, an Ohio corporation, and against Defendants Pittman, Delucchi, Eklund, and Tufford. The action arises out of the discriminatory and retaliatory workplace conduct by the Defendants against Plaintiff Hartsock on the basis of disability. (See CC Dec, Ex A.)

In May 2024, Defendant Battelle's Safeguards and Security Office unlawfully withheld Plaintiff's security clearance from submission to the Department of Energy. Based on the mental health condition disclosures therein, Defendant Battelle then sought to terminate Plaintiff's employment, and acting by and through its employees Defendants Pittman, Delucchi, Eklund, and Tufford, effected that termination on November 21, 2024.

The claims against the Defendants were based on RCW 49.60 *et seq*. Plaintiff's action against Defendant Battelle is straightforward and clear. Once discovery initiates it will demonstrate that Defendants, with knowledge of Plaintiff's protected mental health condition actively colluded to fabricate an ostensible basis for termination.

Prior to removal, Plaintiff had been proceeding with personal service on the named defendants and was within the ninety (90) day service period pursuant to RCW 4.16.170. Service upon Defendant Battelle was accomplished on June 18, 2026. (See CC Dec Ex. B) Defendant Battelle filed its Notice of Removal on June 26, 2026, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 contended that the court has diversity jurisdiction and basing the removal on the Plaintiff's not yet having served the resident Defendants.

Defendant Battelle then filed a motion to dismiss. There is no jurisdiction for this



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

Court to hear the motion, and Plaintiff will object to that motion under separate cover.

Following Defendant Battelle's procedurally deficient removal, Plaintiff has personally served Defendants Tufford, Pittman, and Delucchi, thus establishing a forum defendant under 28 U.S.C. 1441(b)(2). (See CC Dec Ex. C and D)

Plaintiff respectfully submits that this Court does not have subject matter jurisdiction over this case. The removal is untimely and improper as Plaintiff was still within the statutory service of process period. The removal by Defendant Battelle is too early and is not in accord with the rules of civil procedure. The attempt by Defendant, whose operations are within Washington State and whose employees are residents of Washington State, to then have a federal court rule on a motion to dismiss is improper.

It should finally be noted that the issues involving Defendants and their liability under Washington law RCW 49.60 *et seq*. are important issues and this claim should proceed forward.

For all of these reasons Plaintiff respectfully requests that this Court enter an order remanding this case to state court pursuant to 28 U.S.C. § 1447(c).

**ISSUES PRESENTED**

A. Does this Court have subject matter jurisdiction to hear this action when there is there is an active, ongoing case against a Washington resident under Washington law, Plaintiff is actively pursuing that case, and a forum defendant has been served?

*No.*

B. Is this case properly removed from a procedural standpoint?

*No.*



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

## II.    EVIDENCE RELIED UPON

This motion is made based on the records and files herein, the legal authority cited herein, and the Declaration of Carrie M. Coppinger with attachments thereto.

## III.    LEGAL ARGUMENT

### A. DEFENDANTS REMOVAL WAS UNTIMELY AND NOT DONE IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE. THESE PROCEDURAL DEFICIENCIES REQUIRE THAT THIS CASE BE REMANDED.

#### 1. Legal Standard

As this Court is well aware, an action may only be removed if federal jurisdiction exists on the face of the complaint.  28 U.S.C. § 1441(a).    Removal on the basis of diversity jurisdiction is only permitted if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  A heavy burden rests with the removing defendant to establish that jurisdiction is appropriate, and there is a "strong presumption against removal jurisdiction."  *South Bayview Apartments, Associates v. Continental Western Insurance*, WL 2041976 at 2 (W.D. Wash. July 11, 2007) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Prize Frize, Inc. v. Matrix Inc*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("the burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.");  *Knutson v. Allis-Chalmers Corp.*,  358 F.Supp.2d 983, 988 (D.Nev. 2005) *(citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir.1996)).

"Federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in

PLAINTIFF'S MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447(c) - 4 of 8



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

the first instance.'" *Id.* (citations omitted). Further, any doubt as to the right of removal is resolved in favor of remand. *Candy v. 474 Club LLC*, WL 1281806 at 2 (D. Idaho 2007) (citing *Gaus,* 980 F.2d at 566)). Where a case is improperly removed or "it appears that the court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The right to remove an action to federal court is entirely created by statute and courts strictly construe its application. "If the removal has not been effectuated in a procedurally correct manner, the Plaintiff will prevail in a motion for remand. *Knutson*, 358 F.Supp.2d at 990 (D.Nev. 2005). In this case Defendant Battelle has failed to satisfy the procedural requirement of removing the action unanimously and its motion to remove was premature. This alone should require that the case be remanded. A cause of action exists under RCW 49.60 *et seq.* for the discriminatory actions of Defendants Pittman, Delucchi, Eklund, and Tufford. Plaintiff was pursuing this cause of action. Defendants cannot unilaterally file a claim in Federal Court where there is no subject matter jurisdiction and where Defendants have not met the procedural requirements for removal.

### 2. Lack of Unanimity.

It is undisputed that Defendant Battelle unilaterally removed this case without the consent of the other defendants. Pursuant to 28 U.S.C. § 1446(a) defendants seeking to remove a case to federal court must do so unanimously. Where there is a lack of unanimity, removal is invalid and the case should be remanded. *Maui Pineapple Co., Ltd. v. E.A. Bonelli & Associates, Inc.*, WL 1732562, 5 (D. Hawaii. June 14, 2007) (citing *Pressman v. Meridian Mortgage Co.,* 334 F.Supp.2d 1236, 1240-41 (D.Haw.2004) (citing *Hewitt v. City of Stanton,*



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

798 F.2d 1230, 1232-33 (9th Cir.1986)).[1]  In this case Defendants Pittman, Delucchi, Eklund, and Tufford are in-state parties and cannot consent to removal.  Therefore, this case should be remanded for lack of unanimity.

**3. Defendant Battelle's removal is procedurally defective because they failed to file all the records and proceedings from the state court proceeding.**

A "federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure." *Colvin v. Conagra Foods*, 2007 WL 3306746 (W.D. Wash. 2007).  Under 28 U.S.C. § 1447(b), the district court "may require the removing party to file with its clerk copies of all records and proceedings in [the] State court."

Defendant Battelle filed its Notice of Removal on June 26, 2026, along with a copy of the Complaint only.  (See Dkt. #1) Defendant Battelle did not file: (1) the June 4, 2026, Case Information Cover Sheet (2 pages); (2) the June 4, 2026, Summons (3 pages); and (3) Notice of Service – Defendant Battelle Memorial Institute (3 pages).

Although remand might appear to be a harsh remedy for procedural defects, courts have strictly enforced the rules.  *See Employers-Shopmens Local 516 v. Travelers*, 2005 WL 1653629, *4 (D. Or. July 6, 2005) ("[A]ny defect in removal procedural must be cured within the [stated] period or it is fatal to the removal."); *Andalusia v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala.) ("§ 1446(a) would be virtually meaningless if a removing defendant can cure its procedural error at any time before order of remand is entered"); *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004); *Durand v. Hartford*, 2007 WL 1395336, *1 (D.



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

Colo. May 9, 2007) ("If strict construction is the command, it is incumbent that the Court apply the statute strictly as written, even—or perhaps particularly—in the face of seemingly inconsequential defects.").

The Court has remanded cases with less severe procedural defects than the procedural defects present in this case. The Western District Court has remanded a class action because the defendant failed to file the Case Information Cover Sheet from the state court proceeding. *Stanphill v. State Farm*, 2:09-cv-00235-JCC (W.D. Wash. June 26, 2009). *See* Friedman Decl., Ex. 5 ("J. Coughenour Order"). Here, Mr. Shanahan failed to file both Case Information Cover Sheets (Ex. 1 and 2), the May 13 Summons (Ex. 3), and a complete copy of the Notice of Filing of Notice of Removal to Federal Court (Ex. 4). As in *Stanphill* and *Benson, supra,* this case must be remanded to state court.

### IV.    CONCLUSION

Based on the foregoing, Plaintiff Alaric Hartsock respectfully requests that this Court enter an order remanding this case to state court pursuant to 28 U.S.C. § 1447(c).

Dated this 27th day of July 2026.

COPPINGER LAW, P.S.

Attorney for Plaintiff Alaric Hartsock

By s/Carrie M. Coppinger
Carrie M. Coppinger, WSBA #28817
service@coppingerlawps.com



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that on the forgoing date below, I served the foregoing pleading pursuant in this matter as follows:

Seth J. Berntsen          () U.S. Mail
Rebecca R. Singleton    () Express Mail
Eva Oliver              () Fax
SUMMIT LAW GROUP, PLLC   () Messenger Service
315 Fifth Avenue S., Ste. 1000  () E-Mail
Seattle, WA 98104         (X) Other: CM/ECF
sethb@summitlaw.com
rebeccas@summitlaw.com
evao@summitlaw.com

DATED this 27th day of July 2026.

COPPINGER LAW P.S.

/s/John Richcreek
John Richcreek,
Paralegal

PLAINTIFF'S MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447(c) - 8 of 8



103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax