THE HONORABLE THOMAS O. RICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

ALARIC HARTSOCK, individually,

Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.

Defendants.

NO. 4:26-cv-05098-TOR

**DECLARATION OF CARRIE M. COPPINGER IN SUPPORT OF PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)**

NOTE ON MOTION CALENDAR:
August 26, 2026
Without Oral Argument

I, Carrie M. Coppinger, declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

1. I am the attorney for the Plaintiff.

2. On June 4, 2026, my office filed a Case Information Cover Sheet, Summons, and Complaint in the Superior Court of the State of Washington in and for Benton County on behalf

PLAINTIFF'S MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447(c) - 1 of 3



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

of Plaintiff Alaric Hartsock.  Attached hereto as **Exhibit A** are true and correct conformed copies of those filings.

3.  On June 18, 2026, my office filed a Notice of Service – Defendant Battelle Memorial Institute, a Foreign Non-Profit Corporation and Operator of Pacific Northwest National Laboratory.  Attached hereto as **Exhibit B** is a true and correct conformed copy of that filing.

4.  On July 12, 2026, my office effected service of process upon Defendants Mitchel Tufford and "Jane Doe" Tufford, aka Ashley Tufford, and Defendant Casey Pittman.  Attached hereto as **Exhibit C** are  true and correct copies of the Declarations of Service of the aforementioned Defendants.

5.  On July 20, 2026, my office effected service of process upon Defendants Jessica Delucchi and "John Doe" Delucchi, aka Robert Weissenfels. Attached hereto as **Exhibit D** are true and correct copies of the Declarations of Service of the aforementioned Defendants.

Dated this 27th day of July 2026.

COPPINGER LAW, P.S.

Attorney for Plaintiff Alaric Hartsock

By *s/Carrie M. Coppinger*
Carrie M. Coppinger, WSBA #28817
service@coppingerlawps.com

PLAINTIFF'S MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447(c) - 2 of 3



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that on the forgoing date below, I served the foregoing pleading pursuant in this matter as follows:

| | |
|---|---|
| Seth J. Berntsen | ( ) U.S. Mail |
| Rebecca R. Singleton | ( ) Express Mail |
| Eva Oliver | ( ) Fax |
| SUMMIT LAW GROUP, PLLC | ( ) Messenger Service |
| 315 Fifth Avenue S., Ste. 1000 | ( ) E-Mail |
| Seattle, WA 98104 | (X) Other: CM/ECF |
| sethb@summitlaw.com | |
| rebeccas@summitlaw.com | |
| evao@summitlaw.com | |

DATED this 27th day of July 2026.

COPPINGER LAW P.S.

/s/John Richcreek
John Richcreek,
Paralegal

PLAINTIFF'S MOTION TO REMAND PURSUANT TO
28 U.S.C. § 1447(c) - 3 of 3



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

# EXHIBIT A

BENTON COUNTY
FILED
JUN 4 2026 9:40:07 AM
JOSIE DELVIN
BENTON COUNTY CLERK

## CIVIL: Other Complaint/Petition

BENTON COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

**Case Number** 26-2-01396-03      **Case Title** Hartsock v. Battelle Memorial Institute, et al.

**Attorney Name** Carrie M. Coppinger      **Bar Membership Number** 28817

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

### OTHER COMPLAINT/PETITION

- ☐ ABL   Abusive Litigation
- ☐ BAT   Ballot Title
- ☐ CHN   Non-Confidential Change of Name
- ☐ CRP   Pet. for Cert. of Restoration of Opportunity
- ☐ EOM   Emancipation of Minor
- ☒ EMP   Employment
- ☐ INJ   Injunction
- ☐ INT   Interpleader
- ☐ MHA   Malicious Harassment
- ☐ MSC   Miscellaneous Civil (to include Action to Compel/confirm Private Binding Arbitration, Deposit of Surplus Funds, and Subpoenas)
- ☐ MST2   Minor Settlement (Not Guardianship)
- ☐ PCC   Petition for Civil Commitment (Sexual Predator)
- ☐ PRG   Property Damage – Gangs
- ☐ PFT   Prorate Fuel Tax Subpoena
- ☐ PRA   Public Records Act
- ☐ RDR   Relief from Duty to Register
- ☐ RFR   Restoration of Firearms Rights
- ☐ SDR   School District Required Action Plan
- ☐ SPC   Seizure of Property from the Commission of a Crime
- ☐ SPR   Seizure of Property Result of a Crime
- ☐ SER   Subdivision Election Process Review
- ☐ VEP   Vote Election Law Review
- ☐ WAT   Water Rights Adjudication (Whatcom Only)

**If you cannot determine the appropriate category, you may consider using the MSC-Miscellaneous Civil cause of action.**

***Please Note: Public information in court files and pleadings may be posted on a public Web site.***
*Last updated: 05/21/2025*

**CIVIL: Other Complaint/Petition**

**Abusive Litigation** - Request to restrict a current or former intimate partner party from filing abusive litigation for the purposes of harassing, intimidating, or maintaining contact with the other party.

**Ballot Title** - Action for review of the ballot title (RCW 29A.36.090).

**Petition for Certificate of Restoration of Opportunity** - Request for order that is intended to facilitate obtaining housing and employment (RCW 9.97.020).

**Change of Name** - Petition for a change of name. If change is confidential due to domestic violence/anti-harassment see case type 5 instead.

**Deposit of Surplus Funds** - Deposit of money or other item with the court.

**Emancipation of Minor** - Petition by a minor for a declaration of emancipation.

**Employment** - Complaints involving disputes between employer and employee. Includes whistleblower actions. Do not use for administrative law review of employment matters.

**Injunction** - Complaint/petition to require a person to do or refrain from doing a particular thing.

**Interpleader** - Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).

**Malicious Harassment** - Suit involving damages resulting from malicious harassment.

**Minor Settlements** - Petition for a court decision that an award to a minor is appropriate when no letters of guardianship are required (e.g., net settlement value $25,000 or less).

**Miscellaneous (All other Civil filing types)**-Unspecified civil cause of action (including but not limited to, Action to Compel/Confirm Private Binding Arbitration, Deposit of Surplus Funds, and Subpoenas).

**Petition for Civil Commitment (Sexual Predator)** - Petition for the involuntary civil commitment of a person who 1) has been convicted of a sexually violent offense whose term of confinement is about to expire or has expired, 2) has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial who is about to be released or has been released, or 3) has been found not guilty by reason of insanity of a sexually violent offense and who is about to be released or has been released, and it appears that the person may be a sexually violent predator.

**Property Damage-Gangs** - Complaint involving damage to property related to gang activity.

**Prorate Fuel Tax Subpoena** – Actions filed under Chapt. 82.42 RCW for ex parte orders for subpoenas for fuel tax collection violation investigations. (7/1/2024

**Public Records Act** - Actions filed under RCW 42.56.

**Relief from Duty to Register** - Civil action requesting relief from duty to register as a sex offender. Petition can address the registration obligation that arises from multiple cases. RCW 9A.44.142, 9A.44.143.

**Restoration of Firearms Rights** - Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047. (Eff. 9-2-2014)

**School District Required Action Plan** - Petition filed requesting court selection of a required action plan proposal relating to school academic performance.

**Seizure of Property from the Commission of a Crime** - Seizure of personal property that was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.

**Seizure of Property Result from a Crime** - Seizure of tangible or intangible property that is the direct or indirect result of a crime, from a defendant following criminal conviction (e.g., remuneration for, or contract interest in, a depiction or account of a crime).

**Subdivision Election Process Review** - Petition seeking court acknowledgement of compliance (RCW 29A.92).

**Vote Election Law Review** - Action filed by voters requesting review of Voting Rights Act (RCW 29A.92).

**Water Rights Adjudication** - Legal process to resolve conflict and competition of a water source. Court action requires involvement of the Wash. Dept. of Ecology. (Title 90 RCW). Use of this cause of action is limited by statute. Currently, only Whatcom County Superior Court accepts court filings related to water rights adjudication.

BENTON COUNTY
FILED
JUN 4 2026 9:40:06 AM
JOSIE DELVIN
BENTON COUNTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR BENTON COUNTY

| | |
|---|---|
| ALARIC HARTSOCK, individually,<br><br>Plaintiff,<br><br>vs.<br><br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.<br><br>Defendants. | NO. 26-2-01396-03<br><br>**SUMMONS** |

A lawsuit has been started against you in the above entitled court by Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing

Page 1 – SUMMONS

**COPPINGER LAW P.S.**

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

this summons within 20 days after the service of this summons,* excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiffs file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the Plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

**\* Within 60 days if served outside the State of Washington.**

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 3rd day of June 2026.

**COPPINGER LAW P.S.**

Carrie M. Coppinger, WSBA #28817
Attorney for Plaintiffs

Page 2 – SUMMONS



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

BENTON COUNTY
FILED
JUN 4 2026 9:40:05 AM
JOSIE DELVIN
BENTON COUNTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR BENTON COUNTY**

| | |
|---|---|
| ALARIC HARTSOCK, individually, | NO. 26-2-01396-03 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community. | |
| Defendants. | |

COMES NOW, the above referenced Plaintiff, by and through their undersigned counsel, and hereby allege against Defendants as follows:

## I.  PARTIES

1.1.    Plaintiff Alaric Hartsock (herein after Plaintiff Hartsock) was a single individual under the laws of the State of Washington and resident of Benton County, Washington at all times relevant to the actions alleged in this Complaint.

Page 1 – COMPLAINT

**COPPINGER LAW P.S.**

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

Plaintiff Hartsock was an employee of Defendant Battelle Memorial Institute, at all during all times relevant to this Complaint.

1.2.    At all times relevant hereto, Defendant Battelle Memorial Institute (herein after "Defendant Battelle") is a foreign nonprofit corporation incorporated in the state of Ohio and doing business in Benton County, Washington as operator of Pacific Northwest National Laboratory.    Defendant Battelle is responsible for all acts of its employees as agents, representatives and by way of Respondeat Superior.  All of Defendant Battelle's unlawful employment practices and acts toward Plaintiff Hartsock, which are the subject of this action, occurred in Benton County, Washington.

1.3.    Defendant Casey Pittman (herein after referred to as Defendant Pittman) is believed to be a resident of Benton County, Washington.  Defendant Pittman was a Human Resources representative of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint.  All acts or omissions by Defendant Pittman were done within the scope and course of her employment by Defendant Battelle.

1.4.    Defendants Jessica Delucchi (herein after referred to as Defendant Delucchi) and John Doe Delucchi are believed to be a married couple under the laws of the State of Washington and residents of Benton County, Washington at all times relevant hereto.  Defendant Pittman was a Group Leader of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint.  All acts or omissions by Defendant Delucchi were done within the scope and course of her employment by Defendant Battelle and for the benefit of

Page 2 – COMPLAINT

**COPPINGER LAW P.S.**

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

the marital community.

1.5.    Defendant Steve Eklund (herein after referred to as Defendant Eklund) is believed to be a single resident of Benton County, Washington. Defendant Eklund was a Program Manager of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint.  All acts or omissions by Defendant Eklund were done within the scope and course of his employment by Defendant Battelle.

1.6.    Defendants Mitchelle Tufford (herein after referred to as Defendant Tufford) and Jane Doe Tufford are believed to be a married coupled under the laws of the State of Washington and residents of Benton County, Washington at all times relevant hereto.  Defendant Tufford was a Senior Software Engineer of Defendant Battelle working in Benton County, Washington at all times relevant to this Complaint.  All acts or omissions by Defendant Tufford were done within the scope and course of his employment by Defendant Battelle and for the benefit of the marital community.

1.7.    All acts alleged by Defendants Pittman, Delucci, Eklund and Tufford were within the scope of their employment and on behalf of Defendant Battelle.

## II.    JURISDICTION AND VENUE

2.1.    All acts or omissions relevant to this Complaint took place in Benton County, Washington.

2.2.    This Court has jurisdiction over the parties to and subject matter of this action pursuant to RCW 49.60 *et seq.* and RCW 4.12.025.

2.3.    Venue is properly set in Benton County, Washington.

Page 3 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

## III. FACTS

3.1    In or around March 2021, Defendant Battelle hired Plaintiff Hartsock as an intern with the job title Tech Student 4.

3.2    In August 2021, Plaintiff Hartsock underwent his first performance evaluation by his manager, Glenn Fink.  In this evaluation Plaintiff Hartsock's performance was rated as consistently "outstanding" to "distinguished" with a rating of "outstanding" under Professional Networking, and "distinguished" under Communications/Personal Relationships.

3.3    In August 2023, Plaintiff Hartsock's performance was evaluated by Rebecca Manoogian, Glenn Fink, and Katherine Hankins, who praised his technical accomplishments noting, "One of his greatest accomplishments was the creation of the "Stormtracker" visualization for my LDRD project. He updated it several times for this project and reduced the visualization software to a single small Python file from many notebooks' worth of raw material. His presentation of his work was very clear and accurate. He did an excellent job as a developer in the MAGE project".

3.4    In early 2024, Plaintiff Hartsock disclosed his protected mental health condition to his Team Lead, Ben Laroque, prior to applying to work as a Post-Bachelors Research Assistant (PBRA).

3.5    Mr. Laroque encouraged Plaintiff Hartsock to apply for the PBRA position and correctly advised that Plaintiff Hartsock's mental health condition would not make him ineligible for security clearance.

3.6    In    mid-March    2024,    after    meeting    all    pre-employment

Page 4 – COMPLAINT

COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

contingencies, Plaintiff Hartsock was hired as a PBRA.

3.7    Upon taking on the PBRA role, Plaintiff Hartsock disclosed his protected mental health condition to his new Team Lead, Paige Maxwell. Plaintiff Hartsock described his symptoms, and Ms. Maxwell told him that he should still apply for security clearance because mental health conditions do not per se disqualify an individual from obtaining such clearance.

3.8    Around this time, Plaintiff Hartsock disclosed to his line manager, Jeff Evans, his ulcerative colitis and ankylosing spondylitis and requested accommodation related to bathroom access.

3.9    On May 5, 2024, Plaintiff Hartsock completed a security clearance application and provided it to Defendant Battelle for review prior to submission to the Department of Energy. Plaintiff Hartsock's application indicated that he had never received a written warning, been officially reprimanded, suspended, or disciplined for misconduct in the workplace, such as a violation of security policy. He had no recent drug use or problematic use of alcohol. He had no foreign activities, relations, business, or travel. He had no criminal record. He was not a member of a terrorist organization. Plaintiff Hartsock properly disclosed his protected mental health diagnosis and the treatment he had properly pursued to address that condition.

3.10    Defendant Battelle's Safeguards and Security Office then reviewed Plaintiff Hartsock's application and withheld its submission to the Department of Energy out of concerns regarding Plaintiff Hartsock's mental health.

3.11    Defendant Battelle's Safeguards and Security Office then disclosed

Page 5 – COMPLAINT

**COPPINGER LAW P.S.**

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

this withholding to Project Manager/Group Leader, Jeff Evans, and used it as a basis for termination of Plaintiff Hartsock.

3.12   On June 12, 2024, Mr. Evans, informed Plaintiff Hartsock that although his performance on projects had been more than satisfactory, the Safeguards and Security office had determined that Plaintiff Hartsock's employment would be terminated due to "unknown issues" with his security clearance application.

3.13   Plaintiff Hartsock asked what the reason was for his forthcoming termination, and Mr. Evans stated, "If you have an idea of what it might be, it's probably that."

3.14   Mr. Evans advised Plaintiff Hartsock he would be given a month to get positive letters of recommendation from current project managers for future employment.

3.15   Plaintiff Hartsock was immediately removed from all of projects that required interim security clearance.

3.16   On the same day, June 12, 2024, Plaintiff Hartsock reported mental health discrimination to HR via Defendant Battelle's Employee Concerns phone hotline.

3.17   Defendant Casey Pittman was the HR representative who was assigned and responded to the June 12, 2024 report.

3.18   On June 13, 2024, Plaintiff Hartsock filed a request for accommodation with HR regarding his protected mental health condition. Jon Dayton was the HR representative who addressed Plaintiff Hartsock's request for

Page 6 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

accommodation. The accommodation included intermittent flex schedule to work from home as necessary to mitigate the effects of mental health triggers as supported by Plaintiff Hartsock's treating doctor.

3.19   On June 14, 2024, records show that Plaintiff Hartsock's report of discrimination and request for accommodation resulted in Defendant Battelle temporarily shifting gears away from termination.   Division Director, Sharon Adams, began earnestly contacting other departments looking for somewhere to offload Plaintiff Hartsock, while HR ignored his accommodations request and failed to investigate his reports of discrimination.

3.20   On June 24, 2024, Plaintiff Hartsock followed up on his accommodation request, and coincidentally that same day had a placement found for him under Defendant Steve Eklund working on the Meeting Finder Reimagined project.   This was a role in the lab that did not require the security clearance whose application was being withheld.

3.21   Going forward, half of Plaintiff Hartsock's time was put on Meeting Finder Reimagined. The other half needed to be filled. Plaintiff Hartsock began to proactively look for work with the help of Defendant Pittman, the HR representative who had initially responded to his reports of discrimination.  He eventually landed on the project that he had previously worked on with Glenn Fink, assisting with a multi-laboratory research initiative between national laboratories to complete research for an internal laboratory initiative.

3.22   On June 27, 2024,  Plaintiff Hartsock followed up again on his submitted request for accommodation for his diagnosed mental health condition.

Page 7 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

3.23   In early July 2024, Ms. Adams and Defendant Pittman were attempting to coordinate somewhere to place Plaintiff Hartsock, all while continuing to fail to investigate his report of discrimination, and while the Safeguards and Securities Office continued to withhold his security clearance submission.

3.24   On July 10, 2024, Mr. Evans coordinated with Ms. Maxwell to reassign Plaintiff Hartsock as his direct report and point of contact for the "Coaching and Development Portal" (CDP) wherein employees are allowed to make anonymous feedback regarding the performance of their colleagues.

3.25   On July 15, 2024, Plaintiff Hartsock met with Mr. Dayton to finalize his accommodation related to his protected mental health status.  Mr. Dayton sent an email memorializing the meeting and providing Plaintiff Hartsock with necessary leave forms on July 18, 2024.

3.26   On July 18, 2024, the very same day that Plaintiff Hartsock's accommodation was approved, messages between Defendant Pittman and Mr. Evans show that Defendant Battelle uncancelled Plaintiff Hartsock's security clearance request.

3.27   On August 12, 2024, after having flagged Plaintiff Hartsock for termination upon review of his security clearance paperwork two months prior, Defendant Battelle submitted Plaintiff Hartsock's security clearance to the US Department of Energy for review.

3.28   In September and October 2024, despite submitting Plaintiff Hartsock's clearance paperwork, management continued to pursue a way to

Page 8 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

remove Plaintiff Hartsock and conferred regarding what pretense could be used to call his integrity into question, disparage his performance, and ultimately follow through on the initial desire to terminate his employment that began with his submission of a security clearance application in June.

3.29    During this period, Plaintiff Hartsock's only ally, Jeff Evans, was removed from his leadership position and replaced with Defendant Jessica Delucchi, who at that time had no working relationship with Plaintiff Hartsock whatsoever.

3.30    By mid-November 2024, Plaintiff Hartsock had begun working on a project to develop internal laboratory AI tools, led by Quentin Kreilmann, a project he was passionate about.  He was at that time billing 100% of his time to the project.

3.31    Funding for the project led by Mr. Kreilmann was secured through December and Mr. Kreilmann was actively looking for projects in the lab that Plaintiff Hartsock could pivot into.

3.32    On November 21, 2024, quite to the surprise of Mr. Kreilmann, who was totally blindsided, Plaintiff Hartsock was fired by Defendant Delucchi and the very same HR consultant to whom he made his discrimination report, Defendant Pittman.

3.33    The ostensible basis for Plaintiff Hartsock's termination was founded on CDP feedback presented by Defendants Mitchell Tufford and Steve Eklund.

3.34    Defendant Tufford was the lead on a project called Prison Pony that

Page 9 – COMPLAINT

COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

Plaintiff Hartsock had worked on for approximately two months. Defendant Tufford complained that Plaintiff Hartsock was working on his other approved work instead of devoting all his time to Prison Pony.

3.35    Defendant Eklund's feedback was that Plaintiff Hartsock was not a good fit for the Meeting Finder Reimagined project. He sharply criticized Plaintiff Hartsock's affect and complained that Plaintiff Hartsock took credit for his own achievements. He also asserted that Plaintiff Hartsock was "not committed to the work" because he was having other interviews, which, as described above, were being arranged by Defendant Pittman in HR.

3.36    This feedback was repeated nearly verbatim across numerous letters and other documents pertaining to Plaintiff Hartsock's termination. However, this ostensible reason for termination was clearly pretext and in bad faith.

3.37    All of the points of feedback  by Defendants Eklund and Tufford were in relation to allegations about performance after Plaintiff Hartsock was already told he would be terminated for discriminatory reasons, reported that discrimination, and sought accommodation for his properly disclosed and protected mental health condition.

3.38    All of the points of feedback by Defendants Eklund and Tufford were in relation to a role in which he was no longer working at the time of his termination.

3.39    The phone calls that Plaintiff Hartsock was criticized by Defendant Tufford for having were related to an approved billable project assisting with a

Page 10 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

multi-laboratory research initiative.

3.40    Plaintiff Hartsock, who was had disclosed an affective mental health condition, appears to have been terminated for owning his accomplishments and not performing enough affective "warmth" in the opinion of Defendant Eklund.  Defendant Eklund even acknowledged that such affect may have been secondary to "nerves or being new to the environment," both of which are directly relatable to the stressful discrimination he was enduring.

3.41    Plaintiff Hartsock was criticized for not being interested in the role by applying for other roles without acknowledging that such behavior was being directly prompted and facilitated by both Defendant Pittman in HR and the Division Director, Sharon Adams.

## IV. FIRST CAUSE OF ACTION

**(Discrimination On The Basis Of Disability In Violation Of RCW 49.60 *Et Seq.*)**

4.1    Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 3.29 above, as if fully set forth herein.

4.2    The Washington Law Against Discrimination, RCW 49.60 et seq., prohibits discrimination in employment on the basis of disability and/or perceived disability.

4.3    Defendants' conduct constitutes unlawful discrimination based upon a real or perceived impairment of physical disability in violation of the Washington Law Against Discrimination.

4.4    With knowledge of Plaintiff's medical conditions/disability(ies), Defendant discriminated against Plaintiff, unlawfully withheld the submission of

Page 11 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

his security clearance application to the DOE, excluded him from promotion opportunities, and ultimately terminated Plaintiff's employment in close proximity to his approved accommodation request.

4.5    Plaintiff is entitled to recover all remedies afforded pursuant to RCW 49.60, et seq., including lost past and future wages, compensatory damages, costs, litigation expenses and attorney fees.

4.6    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer injuries and damages including past and future economic loss, pain and suffering, emotional distress, loss in quality of life and other general compensatory damages in an amount to be proven at trial.

## V. **SECOND AND THIRD CAUSES OF ACTION**

**(Retaliation and Wrongful Discharge in Violation of Public Policy)**

5.1    Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 5.6 above, as if fully set forth herein.

5.2    Defendants' conduct towards Plaintiff Hartsock was in violation of public policy.

5.3    By the foregoing, Defendants' actions constituted unlawful retaliation against and wrongful discharge of Plaintiff Hartsock for reporting discriminatory behavior by Defendants and seeking reasonable accommodations for a protected mental health condition.

5.4    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer injuries and damages including past and future economic loss, pain and suffering, physical maladies, emotional distress,

Page 12 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

loss in quality of life and other general compensatory damages in an amount to be proven at trial.

## VI. <u>FOURTH, FIFTH AND SIXTH CAUSES OF ACTION</u>

**(Negligent Hiring, Supervision and/or Retention and Respondeat Superior)**

6.1    Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 6.4 above, as if fully set forth herein.

6.2    Defendant Battelle is responsible, under respondeat superior for the deliberate, negligent and/or reckless acts or omissions of their supervisory, managerial and other personnel and employees done against Plaintiffs in the course of their employment.

6.3    Defendant Battelle knew, or in the exercise of reasonable care, should have known, that its employees presented a risk of harm to other employees' employment status because of discrimination based on disability and retaliation for asserting discrimination complaints, and complaining about discriminatory and retaliatory treatment, and Defendant Battelle's decision to hire and failure to adequately supervise Defendants Pittman, Delucchi, Tufford, and Eklund was the proximate cause of Plaintiff's injuries alleged herein.

## VII.    <u>SEVENTH AND EIGHTH CAUSES OF ACTION</u>

**(Negligent Infliction of Emotional Distress)**

7.1    Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 7.3 above, as if fully set forth herein.

7.2    Defendants' conduct was with a reckless disregard of the harm it would cause. Defendants violated their duty to act reasonably to avoid the

Page 13 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

negligent infliction of emotional distress upon Plaintiff.

7.3    As a proximate cause of this conduct, Plaintiff suffered severe emotional distress and physical maladies.

## VIII.    RELIEF REQUESTED

WHEREFORE, Plaintiff prays that the Court grant them the following relief:

8.1    For damages for lost compensation, including but not limited to unpaid wages and benefits, both past and future including back pay, in an amount to be proven at trial;

8.2    For general damages for emotional distress, suffering, physical maladies, loss of enjoyment/quality of life, and injury to reputation in an amount to be proven at trial;

8.3    For prejudgment interest;

8.4    For any tax relief warranted;

8.5    For Plaintiff's reasonable and actual attorney' fees, costs of suit and expenses incurred pursuant to RCW 49.48.030 and/or 49.60.030(2); and

8.6    Such other and further relief as this Court deems just and proper.

DATED this 3rd day of June, 2026.

**COPPINGER LAW P.S.**



Carrie M. Coppinger, WSBA #28817
Attorney for Plaintiff

Page 14 – COMPLAINT



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

# EXHIBIT B

BENTON COUNTY
FILED
JUN 18 2026 2:11:45 PM
JOSIE DELVIN
BENTON COUNTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR BENTON COUNTY**

| | |
|---|---|
| ALARIC HARTSOCK, individually,<br><br>Plaintiff,<br><br>vs.<br><br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.<br><br>Defendants. | NO. 26-2-01396-03<br><br>**NOTICE OF SERVICE – DEFENDANT BATTELLE MEMORIAL INSTITUTE, A FOREIGN NON-PROFIT CORPORATION AND OPERATOR OF PACIFIC NORTHWEST NATIONAL LABORATORY** |

PLEASE TAKE NOTICE that on June 10th, 2026, K. Roswold, Registered Process Service # 2022-21 served the Defendant Battelle Memorial Institute, a Foreign Non-Profit Corporation and Operator of Pacific Northwest National Laboratory, et al., with the Summons and Complaint. The Declaration of Service is attached hereto.

DATED June 12, 2026.

Page 1 – NOT. OF SERVICE



**COPPINGER LAW P.S.**

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

COPPINGER LAW P.S.

Carrie M. Coppinger, WSBA #28817
Attorney for Plaintiff

Page 2 – NOT. OF SERVICE



COPPINGER LAW P.S.

103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

BENTON COUNTY SUPERIOR COURT IN AND FOR THE STATE OF WASHINGTON

**Alaric Hartsock**

VS.                    Plaintiff(s),

**Battelle Memorial Institute; et al.**

Defendant(s),

Case No.:26-2-01396-03

DECLARATION OF SERVICE

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a resident of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on 6/10/2026 at 11:30 AM at the address of 711 Capitol Way S Ste 204, Olympia, within Thurston County, WA, the undersigned duly served the following document(s): Summons; Complaint; Case Information Cover Sheet in the above entitled action upon Battelle Memorial Institute, by then and there personally delivering 1 true and correct set(s) of the above documents into the hands of and leaving same with Jeff Miner, Representative for CT Corporation System, Registered Agent, who is authorized to accept service on behalf of the above.

Physical description of person served: Gender: Male | Skin Color: White | Age: 50 | Height: Seated | Weight: 220 | Hair: Brown

I declare under penalty of perjury under the laws of the state of WASHINGTON that the foregoing is true and correct.

DATE: 6/11/2026
TOTAL: $ 95.98

K. Roswold
Registered Process Server
License#: 2022-21 - Expiration Date: 5/11/2027
Seattle Legal Messengers
4201 Aurora Avenue N, #200
Seattle, WA 98103
(206) 443-0885

DECLARATION OF SERVICE                    477969  PAGE 1

# EXHIBIT C

JOSIE DELVIN
BENTON COUNTY CLERK

JUL 15 2026

FILED

## Superior Court of Washington, County of Benton

| Plaintiff / Petitioner:<br>ALARIC HARTSOCK, Individually | Case No:<br>26-2-01396-03 |
|---|---|
| Defendant / Respondent:<br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community. | DECLARATION OF PERSONAL SERVICE |

I, **ELISA CAVAZOS**, the undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on **Sun, Jul 12 2026** at **04:13 PM**, at the address of **4811 STARBURST COURT**, within **WEST RICHLAND, WA**, the undersigned duly served the following document(s): **SUMMONS, COMPLAINT** and **CASE INFORMATION COVER SHEET**, in the above entitled action upon **MITCHELL TUFFORD**, by then and there, at the residence and usual place of abode of said person(s), personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with **MITCHELL TUFFORD**.

Description:
I followed a black convertible bmw driven by a male that matched the photo of Mitchell Tufford. Mr. Tufford indeed parked at the residence. I noted the Door hanger left at previous attempt was gone. As I approached the male he matched the photo provided to me and verbally acknowledged his identity when I asked if he was Mitchell Tufford. I advised Mr. Tufford that I am a Process Server as I handed him the Court documents. Mr. Tufford was cooperative, accepted his set of Court documents as well as his Wife's set of Court documents. Mr. Tufford provided his Wife's name as Ashley Tufford. Bodycam, date/time-stamped photos and gps data available upon request.

I declare under penalty of perjury under the law of Washington that the foregoing is true and correct.

Signed on the **12 day of July, 2026** at Kennewick, WA .

*[signature]*

ELISA CAVAZOS         REGISTERED PROCESS SERVER #275
Amedeo Solutions Tri-Cities Premier Process Servers
Kennewick, WA 99336
(509) 986-1498

JOSIE DELVIN
BENTON COUNTY CLERK

JUL 15 2026

FILED

## Superior Court of Washington, County of Benton

| Plaintiff / Petitioner:<br>ALARIC HARTSOCK, individually | Case No:<br>26-2-01396-03 |
|---|---|
| Defendant / Respondent:<br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community. | DECLARATION OF SUBSTITUTE SERVICE |

I, **ELISA CAVAZOS,** the undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on **Sun, Jul 12 2026** at **04:14 PM**, at the address of **4811 STARBURST COURT**, within **WEST RICHLAND, WA**, the undersigned duly served the following document(s): **SUMMONS, COMPLAINT** and **CASE INFORMATION COVER SHEET,** in the above entitled action upon **ASHLEY TUFFORD aka "Jane Doe" Tufford**, by then and there, at the residence and usual place of abode of said person(s), personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with **Spouse Mitchell Tufford**, being a person of suitable age and discretion, who is a resident therein.

Description:
I followed a black convertible bmw driven by a male that matched the photo of Mitchell Tufford. Mr. Tufford indeed parked at the residence. I noted the Door hanger left at previous attempt was gone. As I approached the male he matched the photo provided to me and verbally acknowledged his identity when I asked if he was Mitchell Tufford. I advised Mr. Tufford that I am a Process Server as I handed him the Court documents. Mr. Tufford was cooperative, accepted his set of Court documents as well as his Wife's set of Court documents. Mr. Tufford provided his Wife's name as Ashley Tufford. Bodycam, date/time-stamped photos and gps data available upon request.

I declare under penalty of perjury under the law of Washington that the foregoing is true and correct.

Signed on the 12 day of July, 2026 at Kennewick, WA .

ELISA CAVAZOS    · REGISTERED PROCESS SERVER #275
**Amedeo Solutions Tri-Cities Premier Process Servers**
**Kennewick, WA 99336**
**(509) 986-1498**

JOSIE DELVIN
BENTON COUNTY CLERK

JUL 1 5 2026

FILED

## Superior Court of Washington, County of Benton

| Plaintiff / Petitioner:<br>ALARIC HARTSOCK, individually | Case No:<br>26-2-01396-03 |
|---|---|
| Defendant / Respondent:<br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community. | DECLARATION OF PERSONAL SERVICE |

I, **MICHAEL BRIGGS,** the undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on **Sun, Jul 12 2026** at **11:07 AM**, at the address of **1626 PISA LANE**, within **RICHLAND, WA**, the undersigned duly served the following document(s): **SUMMONS, COMPLAINT, CASE INFORMATION COVER SHEET,** in the above entitled action upon **CASEY PITTMAN,** by then and there, at the residence and usual place of abode of said person(s), personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with **CASEY PITTMAN.**

Description:
Casey Pittman called the number on the Door hanger and stated she is calling to receive her Court documents and is home. Mrs. Pittman stated she understands we are just doing our job. I returned to the residence and advised Mrs. Pittman that I am a Process Server as I handed her the Court documents. Mrs. Pittman matched the photo provided and verified she was indeed Casey Pittman and accepted Court documents without incident.

I declare under penalty of perjury under the law of Washington that the foregoing is true and correct.

Signed on the 12 day of July, 2026 at Kennewick, WA .

*Michael Briggs*

**MICHAEL BRIGGS    REGISTERED PROCESS SERVER #296**
**Amedeo Solutions Tri-Cities Premier Process Servers**
**Kennewick, WA 99336**
**(509) 986-1498**

# EXHIBIT D

JOSIE DELVIN
BENTON COUNTY CLERK

JUL 24 2026

FILED

## Superior Court of Washington, County of Benton

| Plaintiff / Petitioner:<br>ALARIC HARTSOCK, individually | Case No:<br>26-2-01396-03 |
|---|---|
| Defendant / Respondent:<br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community. | DECLARATION OF PERSONAL SERVICE |

I, ELISA CAVAZOS, the undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on Mon, Jul 20 2026 at 08:01 PM, at the address of 5990 THYNEWOOD LOOP, within WEST RICHLAND, WA, the undersigned duly served the following document(s): SUMMONS, COMPLAINT and CASE INFORMATION COVER SHEET, in the above entitled action upon JESSICA DELUCCHI, by then and there, at the residence and usual place of abode of said person(s), personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with JESSICA DELUCCHI.

Description:
Jessica Delucchi was waiting on her front porch for me to arrive. I verified that her name was indeed Jessica Delucchi. I advised Jessica that I have one set of Court documents for her and one set for "John Doe" Delucchi whom I am assuming is her spouse. Jessica accepted the Court documents without incident, was cooperative and provided her spouse's name and spelling as Robert Weissenfels. Bodycam, date/time-stamped photos and gps data available upon request.

I declare under penalty of perjury under the law of Washington that the foregoing is true and correct.

Signed on the 20 day of July, 2026 at Kennewick, WA .

_____
ELISA CAVAZOS    REGISTERED PROCESS SERVER #275
Amedeo Solutions Tri-Cities Premier Process Servers
PO Box 6820
Kennewick, WA 99336
(509) 986-1498

JOSIE DELVIN
BENTON COUNTY CLERK

JUL 2 4 2026

FILED

## Superior Court of Washington, County of Benton

| Plaintiff / Petitioner:<br>ALARIC HARTSOCK, individually | Case No:<br>26-2-01396-03 |
|---|---|
| Defendant / Respondent:<br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community. | DECLARATION OF SUBSTITUTE SERVICE |

I, **ELISA CAVAZOS**, the undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on **Mon, Jul 20 2026** at **08:01 PM**, at the address of **5990 THYNEWOOD LOOP**, within **WEST RICHLAND, WA**, the undersigned duly served the following document(s): **SUMMONS, COMPLAINT** and **CASE INFORMATION COVER SHEET**, in the above entitled action upon **ROBERT WEISSENFELS aka "JOHN DOE" DELUCCHI**, by then and there, at the residence and usual place of abode of said person(s), personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with **(SPOUSE) JESSICA DELUCCHI**, being a person of suitable age and discretion, who is a resident therein.

**Description:**
Jessica Delucchi was waiting on her front porch for me to arrive. I verified that her name was indeed Jessica Delucchi. I advised Jessica that I have one set of Court documents for her and one set for "John Doe" Delucchi whom I am assuming is her spouse. Jessica accepted the Court documents without incident, was cooperative and provided her spouse's Full Name and spelling as "Robert Weissenfels". Bodycam, date/time-stamped photos and gps data available upon request.

I declare under penalty of perjury under the law of Washington that the foregoing is true and correct.

Signed on the **20 day of July, 2026** at Kennewick, WA .

_____
ELISA CAVAZOS    REGISTERED PROCESS SERVER #275
Amedeo Solutions Tri-Cities Premier Process Servers
PO Box 6820
Kennewick, WA 99336
(509) 986-1498