Seth J. Berntsen, WSBA #30379
Rebecca S. Singleton, WSBA #57719
Eva Oliver, WSBA #57019
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA  98104-2682
(206) 676-7000
*sethb@summitlaw.com*
*rebeccas@summitlaw.com*

*Attorneys for Defendants*

Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

ALARIC HARTSOCK, individually,

Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.

Defendants.

CASE NO. 4:26-cv-05098-TOR

**MOTION TO DISMISS BY INDIVIDUAL DEFENDANTS PITTMAN, DELUCCHI, EKLUND, AND TUFFORD**

Noted:  Friday, September 18, 2026

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     BACKGROUND ................................................................................. 3

        A.      Complaint Allegations................................................................ 3

        B.      Plaintiff's Claims Against Individual Defendants ............................... 6

III.    AUTHORITY AND ARGUMENT .................................................. 6

        A.      Plaintiff Has Failed to Properly Serve the Individual
                Defendants ................................................................................. 7

        B.      Plaintiff Has to Plead Actionable Claims Against the Individual
                Defendants and their Spouses and Marital Communities. ................... 8

                1.      Motion to Dismiss Legal Standard ............................................. 8

                2.      "Official Capacity" Claims Are Duplicative of Claims
                        Against BMI................................................................................. 9

                3.      Plaintiff Fails to Allege an Actionable Discrimination
                        Claim Against the Individual Defendants.............................. 10

                4.      Plaintiff's Retaliation and Wrongful Termination Claims
                        Fail as to the Individual Defendants ....................................... 15

                5.      Plaintiff Has Failed to Plead Actionable NIED Claims
                        Against the Individual Defendants .......................................... 19

IV.     CONCLUSION.................................................................................. 20

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - ii
CASE NO.  4:26-CV-05098-TOR

## TABLE OF AUTHORITIES

**Cases**

*Anaya v. Graham*, 89 Wn. App. 588 (1998)................................................................20

*Anica v. Wal-Mart Stores, Inc.*, 120 Wn. App. 481 (2004)......................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).....................................................................8

*Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967) ....................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).......................................................8

*Bishop v. State*, 77 Wn. App. 228 (1995) .................................................................20

*Blackman v. Omak Sch. Dist.*, No. 2:18-CV-0338-TOR, 2019 WL 2396569 (E.D. Wash. June 6, 2019) .................................................................................11, 18

*Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 20 P.3d 921 (2001)............11

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. 2012) .......................................9, 12

*Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945 (9th Cir. 2010) ..................9

*Collings v. Longview Fibre Co.*, 63 F.3d 828 (9th Cir. 1995)..................................11

*Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 430 P.3d 229 (2018) .......................16

*Dolan v. Nationstar Mortg. LLC*, No. 25-CV-2242-GPC-BJW, 2025 WL 3649273, fn.3 (S.D. Cal. Dec. 16, 2025)..............................................................................7

*Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070 (W.D. Wash. 2014) .........19

*Gardner v. Ulta Salon Cosmetics & Fragrance Inc.*, 22-2785, 2024 WL 1110384 (3d Cir. Mar. 14, 2024)........................................................................................11

*Goodson v. Triumph Composite Sys.*, No. 13-CV-0289-TOR, 2014 WL 6908743 (E.D. Wash. Dec. 8, 2014).................................................................................16

*Greenfield Advisors LLC v. Salas*, 733 F. App'x 364 (9th Cir. 2018).......................7

*Hafer v. Melo*, 502 U.S. 21 (1991) .............................................................................9

*Horne v. Seattle City Light*, No. 2:25-CV-01606-JNW, 2026 WL 445559 (W.D. Wash. Feb. 17, 2026).........................................................................................20

*Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481 (2014).........................................12, 14

*Lords v. N. Auto Corp.*, 75 Wn. App. 589 (1994) .....................................................20

*Martin v. Gonzaga Univ.*, 191 Wn.2d 712 (2018).....................................................17

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

*Messenheimer v. Coastal Pet Products, Inc.*, 764 Fed. Appx. 517 (6th Cir. 2019) .12, 14

*Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 6 Wn. App. 2d 803 (2018) ..16

*Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375 (3d Cir. 2002) ........................................11

*Snyder v. Medical Serv. Corp. of Eastern Wash.*, 98 Wn. App. 315 (1999) .............20

*Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155 (5th Cir. 1996) ..............................11

*Ten Bridges, LLC v. Midas Mulligan*, LLC, 522 F. Supp. 3d 856 (W.D. Wash. 2021) ........................................................................................................................................7

*Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292 (6th Cir. 2016) ..........................11

*Thompson v. N. Am. Terrazzo, Inc.*, No., C13-1007RAJ, 2015 WL 926575 (W.D. Wash. Mar. 4, 2015).................................................................................................15

*Tyson v. CIGNA Corp.*, 918 F.Supp. 836 (D.N.J. 1996) ............................................11

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)........................................13, 14

*Williams v. Recovery Innovations Inc*, No. 3:24-CV-05496-DGE, 2026 WL 1291915 (W.D. Wash. May 12, 2026) .................................................................16

*Yousefi v. Delta Elect. Motors, Inc., et al.*, No. C13-1632RSL, 2014 WL 4384068 (W.D. Wash. Sept. 4, 2014).................................................................................15

**Statutes**

RCW 49.60.......................................................................................................................6

**Rules**

FRCP 4(m) and 81(c)(1) ...............................................................................................8
FRCP 12(b) ....................................................................................................................1
FRCP 12(b)(4)............................................................................................................1, 7
FRCP 12(b)(5)............................................................................................................1, 8
FRCP 12(b)(6)............................................................................................................1, 8

**Other Authorities**

WPI 330.32, 330.01.01 ...............................................................................................10

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - iv
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## I.    INTRODUCTION

Individual defendants Casey Pittman, Jessica Delucchi, Mitchell Tufford, and Steve Eklund (collectively "individual defendants") hereby bring this Motion to Dismiss on multiple grounds under FRCP 12(b).  First, after Defendant BMI removed this matter to this Court, Plaintiff improperly served Pittman, Delucchi, and Tufford with summonses issued by Benton County Superior Court.   A state court summons served after removal to federal court is ineffective. Thus, Plaintiff's claims against Pittman, Delucchi, and Tufford must be dismissed pursuant to FRCP 12(b)(4).

Second, Plaintiff has failed to serve process on Defendant Eklund.  Thus, unless Plaintiff serves Eklund within 90 days of removal, the claims against him should be dismissed pursuant to FRCP 12(b)(5).

Third, as with Plaintiff's claims against Battelle Memorial Institute ("BMI"),[1] his claims against the individual defendants are inactionable and must be dismissed pursuant to FRCP 12(b)(6).  As a threshold matter, Plaintiff asserts claims against the individual defendants only in their "official capacity." Those claims are therefore duplicative of Plaintiff's claims against BMI.  Accordingly, claims against the individual defendants and their spouses and marital communities should be dismissed.

---

[1] See Dkt. No. 4.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 1
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

Furthermore, Plaintiff does not allege sufficient facts to support an actionable disability discrimination claim against the individual defendants. Plaintiff fails to allege any facts suggesting that individual defendants Delucchi, Eklund, or Tufford knew Plaintiff was disabled, or that any of the individual defendants, including Pittman, took actions adverse to Plaintiff which were motivated by any disability.

Plaintiff's retaliation and wrongful termination claims against Delucchi, Eklund, and Tufford similarly fail because Plaintiff has failed to plead any facts suggesting they knew or suspected that Plaintiff engaged in any protected activity. That claim further fails as against each of the individual defendants, including Pittman, because the Complaint does not allege any facts suggesting they took an adverse action against Plaintiff because he reported discrimination or requested disability accommodation.

Finally, Plaintiff's claim for negligent infliction of emotional distress against the individual defendants fails because: (1) it is duplicative of his discrimination claim, and (2) the individual defendants did not owe Plaintiff a duty of care to avoid the infliction of emotional distress in managing or in terminating his employment.

Accordingly, the Court should dismiss all claims asserted against the individual defendants, their spouses (John Doe Delucchi and Jane Doe Tufford) and their marital communities.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 2
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## II.    BACKGROUND

### A.    Complaint Allegations[2]

Plaintiff worked for BMI from approximately March 2021 until November 21, 2024. Compl. ¶¶3.1, 3.32. After initially working as an intern, in March 2024, Plaintiff accepted a Post-Bachelors Research Assistant position at BMI. *Id.* ¶¶3.1, 3.6.

Upon taking on the new role, Plaintiff disclosed his mental health condition to his new team lead, Paige Maxwell. *Id.*, ¶3.7. Maxwell told him that he should still apply for a security clearance because mental health conditions are not per se disqualifying. *Id.* Around this time Plaintiff disclosed to his line manager, Jeff Evans, two conditions (ulcerative colitis and ankylosing spondylitis) and requested accommodation related to bathroom access. *Id.*, ¶3.8.

On May 5, 2024, Plaintiff submitted a security clearance application to BMI for review prior to submitting it to the Department of Energy ("DOE"). *Id.*, ¶3.9. In it, Plaintiff disclosed his mental health diagnosis and treatment. *Id.* BMI's Safeguard's and Security Office ("SSO") reviewed the application, but allegedly did not submit it to the DOE out of concerns regarding Plaintiff's mental health. *Id.* ¶3.10.  Plaintiff

---

[2] Allegations are taken from the Complaint at Dkt. 1, pp.8-22.  Defendants do not concede and reserve the right to later challenge Plaintiff's rendition of the facts.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 3
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

further alleges that the SSO then disclosed the withholding of the application to Evans and allegedly later "used it as a basis for termination of Plaintiff … ." *Id*., ¶3.11.

On June 12, 2024, Line Manager Jeff Evans informed Plaintiff that his employment would be terminated due to "unknown issues" with his security clearance application. *Id*., ¶3.12. Evans further advised Plaintiff that he had a month to get positive letters of recommendation for future employment, and he was removed from all projects that required interim security clearance. *Id*., ¶¶3.14-3.15. That same day, Plaintiff made a report of mental health discrimination to Human Resources ("HR") via BMI's Employee Concerns phone hotline. *Id.* ¶3.16.

HR representative Casey Pittman was assigned to Plaintiff's complaint. *Id.* ¶3.17.  On June 13, 2024, Plaintiff requested accommodation for this mental health condition with HR and worked with HR representative Jon Dayton. *Id*., ¶3.18.

On June 14, 2024, Plaintiff alleges BMI "shifted gears away from" terminating his employment as a result of his request for accommodation and report of discrimination. *Id*., ¶3.19. Division Director Sharon Adams began looking for other positions at BMI for Plaintiff while HR allegedly ignored Plaintiff's accommodation request and did not investigate his report of discrimination. *Id*.

On June 24, 2024, Plaintiff was placed into a new half-time position with Program Manager Steve Eklund. *Id*., ¶¶1.5, 3.20-3.21. This position did not require a

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 4
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

security clearance. *Id.*, ¶3.20.  Plaintiff worked with HR representative Pittman to find another position to fill the other half of his time. *Id.*, ¶3.21. Eventually Plaintiff landed on a project which he had previously worked on with Glenn Fink. *Id.*

In early July 2024, Adams and Pittman attempted to find someplace for Plaintiff to work while allegedly failing to investigate his report of discrimination and while the SSO withheld his security clearance.  *Id.*, ¶3.23.

On July 10, 2024, Evans coordinated with Maxwell to reassign Plaintiff as his direct report for the "Coaching and Development Portal" ("CDP") wherein employees can make anonymous feedback regarding the performance of colleagues. *Id.*, ¶3.24.

On July 18, 2024, BMI approved Plaintiff's accommodation request. *Id.*, ¶3.26. Messages involving Pittman allegedly show that BMI "uncancelled" Plaintiff's security clearance request. *Id.*  On August 12, 2024, BMI submitted Plaintiff's security clearance application to DOE for review. *Id.*, ¶3.27.

In September and October 2024, Plaintiff alleges that unidentified BMI management continued to pursue a way to remove Plaintiff and conferred regarding "what pretense" could be used to terminate him. *Id.*,¶3.28. During this period, Evans was removed from his leadership position and replaced with Jessica Delucchi, a group lead. *Id.*, ¶1.4, 3.29.  By mid-November 2024, Plaintiff began working 100% of the time on a project led by Quentin Kreilmann. *Id.*, ¶3.30.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 5
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

On November 21, 2024, Delucchi and Pittman fired Plaintiff.  *Id*., ¶3.32.  The termination was allegedly based upon CDP feedback from Eklund and Mitchell Tufford, a senior software engineer. *Id.* ¶3.33.  Tufford complained that Plaintiff did not devote all his time to a project on which they previously worked. *Id*., ¶3.34.  Eklund criticized Plaintiff for not being a good fit for their project, for taking credit for his own achievements, and his "affect" which he acknowledged could be secondary to nerves or being new to the environment.  *Id*., ¶¶3.35, 3.40.

**B.    Plaintiff's Claims Against Individual Defendants**

While far from a model of clarity, the Complaint appears to allege the following claims against the individual defendants:  disparate treatment disability discrimination and retaliation under the Washington Law Against Discrimination, RCW 49.60 et seq. ("WLAD"), wrongful discharge in violation of public policy, and negligent infliction of emotional distress ("NIED"). *Id.* ¶¶4.1-7.3.  These claims as pled are against the individual defendants in their "official" capacity.  *Id*., Caption.

### III.  AUTHORITY AND ARGUMENT

Plaintiff's claims against the individual defendants must be dismissed because the individual defendants have not been properly served, and because the Complaint fails to plead sufficient facts to maintain any claims against them.

MOTION TO DISMISS BY INDIVIDUAL DEFENDANTS PITTMAN, DELUCCHI, EKLUND, AND TUFFORD - 6
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## A.   Plaintiff Has Failed to Properly Serve the Individual Defendants

Plaintiff has failed to properly serve the individual defendants.  The individual defendants were not served prior to removal to this Court on June 26, 2026. *See* Dkt. 1, p.4.  On July 12, Pittman and Tufford were served with summonses issued by Benton County Superior Court.  See Dkt. No. 6 at pp.55-56. [3]   On July 20, Delucchi was also served with a summons issue by Benton County Superior Court.  See Dkt. No. 5-1, p.32. As these defendants did not initiate or consent to removal, the state court summonses are ineffective, null, and void.  *See Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967); *Greenfield Advisors LLC v. Salas*, 733 F. App'x 364, 367 (9th Cir. 2018); *Dolan v. Nationstar Mortg. LLC*, No. 25-CV-2242-GPC-BJW, 2025 WL 3649273, at *3, fn.3 (S.D. Cal. Dec. 16, 2025).  Accordingly, the Court should dismiss the claims against Pittman, Tufford, and Delucchi pursuant to FRCP 12(b)(4).

---

[3] Copies of the state court summonses served on defendants Pittman, Tufford, and Delucchi are attached as Exhibits A, B, and C to the Declaration of Seth J. Berntsen ("Berntsen Decl.").  The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Ten Bridges, LLC v. Midas Mulligan*, LLC, 522 F. Supp. 3d 856, 865 (W.D. Wash. 2021)

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 7
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

Plaintiff has also failed to serve Defendant Eklund either before or after removal. Berntsen Decl., ¶6. FRCP 4(m) and 81(c)(1) allow Plaintiff 90 days after removal to effect service. Accordingly, unless Plaintiff properly serves Eklund prior to September 24, 2026, the claims against him should be dismissed pursuant to FRCP 12(b)(5). In sum, the Court should dismiss Plaintiff's claims against the individual defendants for insufficient process and insufficient service of process.

**B.    Plaintiff Has to Plead Actionable Claims Against the Individual Defendants and their Spouses and Marital Communities.**

Plaintiff has failed to plead sufficient facts to support any of the claims against the individual defendants. Accordingly, the Court should dismiss the claims against them pursuant to FRCP 12(b)(6).

### 1.    Motion to Dismiss Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court is not required to accept as true legal conclusions, conclusory

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 8
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

statements, unreasonable inferences, or "formulaic recitation[s] of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

### 2.    "Official Capacity" Claims Are Duplicative of Claims Against BMI

As a preliminary matter, Plaintiff improperly alleges the same claims against the individual defendants in their "official capacity" as it alleges against BMI. *See* Compl. caption and ¶¶1.3-1.6 (naming Pittman, Delucchi, Eklund, and Tufford solely "in [their] official capacity"). Although the term "official capacity" is generally used against governmental officers, an official-capacity claim is treated as a claim against an entity itself, whereas a separate individual-capacity claim is required to reach the individual's personal assets. *See Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 967 (9th Cir. 2010); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991).

As noted above, Plaintiff asserts claims against the individual defendants solely in their "official capacity," not against them individually. Compl. Caption. And Plaintiff repeatedly alleges that each individual defendant acted "within the course and scope of his or her employment with BMI." Compl. ¶¶1.3-1.7.  Plaintiff further asserts that all actions by the individual defendants were taken on BMI's behalf in managing issues related to Plaintiff's employment. *See generally,* Compl.

At no point does Plaintiff allege that any individual defendant acted outside the scope of employment, pursued a personal objective, or engaged in conduct independent of BMI's business. And nowhere does Plaintiff premise his claims upon

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 9
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

personal conduct undertaken in an individual capacity. The individual defendants are alleged only to have carried out or participated in BMI's employment functions as its agents in their "official capacity."

As such, Plaintiff's claims against the individual defendants in their "official capacities" are nothing more than claims against BMI. Because BMI is already a named defendant, the official-capacity claims against the individual defendants are redundant and should be dismissed. Relatedly, because Plaintiff has not sued the individual defendants in their personal capacities, but only in their official capacities, he cannot pursue claims against John Doe Delucchi and Jane Doe Tufford, or the Delucchi or Tufford marital communities. Accordingly, claims against John Doe Delucchi and Jane Doe Tufford, and their marital communities, should be dismissed.

### 3. Plaintiff Fails to Allege an Actionable Discrimination Claim Against the Individual Defendants

Plaintiff's first cause of action alleges disparate treatment disability discrimination under the WLAD against BMI and the individual defendants. Ultimately, Plaintiff must plead and prove that he had a disability, that he is able to perform the essential functions of the job in question with reasonable accommodation, and that his disability was a substantial factor—i.e., "a significant motivating factor"—in a decision to terminate his employment, not promote, or lay him off. WPI 330.32, 330.01.01. *See also Anica v. Wal-Mart Stores, Inc.*, 120 Wn. App. 481, 488-

MOTION TO DISMISS BY INDIVIDUAL DEFENDANTS PITTMAN, DELUCCHI, EKLUND, AND TUFFORD - 10
CASE NO.  4:26-CV-05098-TOR

Summit Law Group, pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

89 (2004).   Plaintiff must also establish that he was "doing satisfactory work." *Blackman v. Omak Sch. Dist.*, No. 2:18-CV-0338-TOR, 2019 WL 2396569, at \*7 (E.D. Wash. June 6, 2019).

Under the WLAD, "individual supervisors, along with their employers, may be held liable for their discriminatory acts." *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 20 P.3d 921, 928 (2001).   Critically, however, individual managers and supervisors can be liable under the WLAD *only* "when they affirmatively engage in discriminatory conduct." *Brown*, 143 Wn.2d at 360 n.3 (*citing Tyson v. CIGNA Corp.*, 918 F.Supp. 836, 841-42 (D.N.J. 1996), aff'd, 149 F.3d 1165 (3d Cir. 1998).

And one cannot be liable for disability discrimination unless they knew the plaintiff was disabled and the limitations from that disability.   *See*, *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 306 (6th Cir. 2016) (dismissing disability discrimination claim where supervisors did not know Plaintiff was disabled, holding: "employee cannot be subject to an adverse employment action based on his disability unless the individual decisionmaker responsible for his demotion has knowledge of that disability."); *see also Taylor v. Principal Fin. Grp., Inc.,* 93 F.3d 155, 164 (5th Cir. 1996)*; Gardner v. Ulta Salon Cosmetics & Fragrance Inc.*, 22-2785, 2024 WL 1110384, at \*2 (3d Cir. Mar. 14, 2024); *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380-81 (3d Cir. 2002); *Collings v. Longview Fibre Co.*, 63 F.3d 828, 834 (9th Cir.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 11
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

1995); *Messenheimer v. Coastal Pet Products, Inc.*, 764 Fed. Appx. 517, 519 (6th Cir. 2019).[4]

Even assuming Plaintiff sufficiently alleges that he was disabled and that he suffered an adverse employment, he has failed to plead an actionable disability discrimination claim against the individual defendants. Critically, Plaintiff fatally fails to allege facts establishing that Tufford, Delucchi, or Eklund knew Plaintiff was disabled, that he had disability-caused limitations, or even that he had requested disability accommodation. The "Facts" section of the Complaint alleges that he disclosed health conditions to others at BMI, including LaRoque, Maxwell, Evans, and unidentified personnel in the SSO. *See*, Compl., ¶¶3.4, 3.7, 3.8, 3.9. But it does not allege that Tufford, Delucchi, or Eklund knew Plaintiff was disabled or had any disability limitations.[5] Thus, even assuming Tufford, Eklund, and Delucchi took

[4] In interpreting the WLAD, courts look to the federal case law counterparts such as the ADA. *Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 491 (2014).

[5] The Court should not consider the conclusory allegation in the claim section of the Complaint that "Defendants" generally had "knowledge of Plaintiff's medical conditions/disability(ies)… ." Complaint, ¶4.4. This is not a factual allegation but nothing more than a formulaic recitation of the elements. *Chavez*, *supra*.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 12
CASE NO. 4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

adverse action against Plaintiff,[6] their actions could not have been motivated by any disability Plaintiff had. Plaintiff's disability claim against them fails on this basis.

Furthermore, this claim also fails because the Complaint is void of any facts indicating the actions of *any* of the individual defendants (including Pittman) were motived by any disability. While the Complaint disputes the merits of Eklund's and Tufford's criticism of Plaintiff, which allegedly formed the basis for his termination communicated by Delucchi and Pittman, it does not allege any facts suggesting that their criticism was based upon any disability. That Eklund allegedly criticized Plaintiff's "affect" or a perceived lack of "warmth" does not suggest knowledge of or animus towards any disability.  Compl., ¶¶3.35, 3.40.

Furthermore, the term "affect" is not in the CDP feedback expressly referenced in the Complaint.  *See*, Berntsen Decl., Ex. D.[7]  Instead, that document shows that Eklund criticized Plaintiff's failure to collaborate in a team environment, noting that

---

[6] Although the First Cause of Action concludes Defendants "excluded [Plaintiff] from promotion," no such facts are alleged in the Complaint.

[7] Documents like the CDP feedback which are extensively referenced in the Complaint may be considered on a 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

MOTION TO DISMISS BY INDIVIDUAL DEFENDANTS PITTMAN, DELUCCHI, EKLUND, AND TUFFORD - 13
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

co-workers found Plaintiff "not warm," "not that welcoming" and "standoffish." *Id*. This is legitime feedback and nothing about it suggests knowledge of or animus towards a disability or disability limitations.

Further, that Eklund's speculated Plaintiff's behavior could be attributed to "nerves or being new to the environment" also does not suggest he knew or suspected Plaintiff had any disability. That someone displays nervousness or anxiety does not suggest they are disabled and have disability-induced work limitations. And even if "nerves" were a symptom of some disability, that would still not be enough. An employer's general awareness of symptoms possibility associated with a disability is insufficient to demonstrate knowledge of the disability itself. *See Messenheimer*, 764 Fed. Appx. at 519.[8] In short, nothing in the CDP feedback document suggests Eklund or Tufford knew about or were motivated by any disability Plaintiff had.

As for Pittman, even assuming she knew Plaintiff was disabled through his June 12, 2024 report of mental health discrimination and that she was later involved in his termination, Compl., ¶¶3.17, 3.32, that is not enough. Plaintiff does not claim, or allege any facts suggesting, that Pittman terminated Plaintiff's employment

---

[8] As noted above, courts look to federal case law in interpreting the WLAD. *Kumar*, 180 Wn.2d at 491.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 14
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

*because of* a disability. To the contrary, Plaintiff alleges that the termination decision was based upon criticism by Eklund and Tufford. *Id.*, ¶3.33. And, as described above, Plaintiff fails to allege any facts suggesting that their criticism was disability based.

To the extent Plaintiff premises his disability discrimination claim upon Pittman's alleged failure to investigate his discrimination report, that theory fails too. Failing to investigate or remedy known discrimination by another is not affirmative, discriminatory conduct for which an individual can be held liable under the WLAD. *See Thompson v. N. Am. Terrazzo, Inc.*, No. C13-1007RAJ, 2015 WL 926575, at *12 (W.D. Wash. Mar. 4, 2015); *Yousefi v. Delta Elect. Motors, Inc., et al.*, No. C13-1632RSL, 2014 WL 4384068, at *3 (W.D. Wash. Sept. 4, 2014).

Finally, the Complaint fatally fails to allege that Plaintiff was able to perform the essential functions of the job in question or that he was performing "satisfactory work" at the time of termination.

In sum, Plaintiff has failed to state an actionable claim of disability discrimination against any of the individual defendants.

### 4. Plaintiff's Retaliation and Wrongful Termination Claims Fail as to the Individual Defendants

As set forth in Defendant BMI's Motion to Dismiss (Dkt. No. 4), to plead an actionable WLAD retaliation claim, Plaintiff must allege sufficient facts making it plausible that: (1) he took a statutorily protected action, (2) he suffered an adverse

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 15
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

employment action, and (3) there exists a causal link between the employee's protected activity and the adverse employment action. *Williams v. Recovery Innovations Inc*, No. 3:24-CV-05496-DGE, 2026 WL 1291915, at *6 (W.D. Wash. May 12, 2026), *citing Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 411, 430 P.3d 229 (2018); *see also Goodson v. Triumph Composite Sys.*, No. 13-CV-0289-TOR, 2014 WL 6908743, at *12 (E.D. Wash. Dec. 8, 2014).

And as relevant here, the employee must show that the employer, or, here, individual defendants, knew or suspected that he engaged in protected activity. *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 417-21, 430 P.3d 229 (2018). Even under this standard, the employee must still establish that his or her protected activity was a substantial factor in the employer's decision to take adverse action against the employee. *Id*., at 420.

The retaliation burden of proof is somewhat similar to that of a claim for wrongful termination in violation of public policy. A plaintiff pursuing a wrongful discharge claim must plead and ultimately prove that their employment termination was motivated by reasons that contravene an important mandate of public policy. *Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 6 Wn. App. 2d 803, 829-30 (2018). The claimant must plead and prove that they engaged in public-policy-linked

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 16
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

conduct that was a "significant factor" in the termination of their employment. *Martin v. Gonzaga Univ.*, 191 Wn.2d 712, 725 (2018).

Plaintiff premises his retaliation and his wrongful termination claims on the same alleged events: his June 12, 2024 report of discrimination and his June 13, 2024 request for an accommodation. Compl. ¶5.3. Fatal to both theories, however, is Plaintiff's failure to allege any facts suggesting defendants Delucchi, Tufford or Eklund knew or suspected Plaintiff did either. Thus, whatever action they took in relation to Plaintiff's employment, those actions could not have been motivated by Plaintiff's involvement in activities unknown to them.

Plaintiff's retaliation and wrongful termination claims against these defendants, as well as Pittman, fail for the additional reason that the Complaint does not plausibly allege that Plaintiff's protected activity was a substantial factor motivating any adverse action by the individual defendants. Although Pittman was allegedly aware of Plaintiff's June 12, 2024 report of discrimination and, five months later, terminated his employment with Delucchi, Compl., ¶¶3.17, 3.32, the Complaint contains no factual allegations suggesting that Pittman (or Delucchi) terminated Plaintiff's

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 17
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

employment *because* he requested an accommodation or reported alleged discrimination.

To the contrary, Plaintiff alleges that, once he reported discrimination and requested accommodation, BMI "shift[ed] gears away from termination…" Compl., ¶3.19.  For her part, Pittman assisted Plaintiff in identifying replacement work, coordinated efforts to place him on other projects, and participated in communications concerning the reinstatement of his security-clearance request. *Id.*, ¶¶3.21, 3.23, 3.26. These supportive acts are wholly inconsistent with retaliation.

Further, Pittman's and Delucchi's alleged termination of Plaintiff, based upon the CDP feedback of Eklund and Tufford, *id.*, ¶3.33, also fails to suggest any retaliation or wrongful termination. The CDP feedback, as described above, shows legitimate, non-retaliatory concerns about Plaintiff's performance and workplace behavior.  *See* Berntsen Decl., Ex. D.  Nothing therein references or suggests any connection to any protected activities by Plaintiff.

Finally, Plaintiff's wrongful termination claims against Eklund and Tufford fail for the additional reason that he fails to allege that they participated in the termination of Plaintiff's employment. *See*, *Blackman v. Omak Sch. Dist.*, No. 2:18-CV-0338-TOR, 2019 WL 2396569, *4 (E.D. Wash. June 6, 2019) (holding individual supervisors can be held personally liable for wrongful termination where they

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 18
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

"participated in the wrongful firing of the employee."). Plaintiff does not allege that they terminated his employment; instead, he alleges such action was taken by Delucchi and Pittman. Compl., ¶3.32. While Plaintiff alleges the termination decision relied upon CDP feedback from Eklund and Tufford, it does not allege that they provided such feedback with the intent to terminate Plaintiff's employment or that they were involved in the termination decision. They cannot be liable for wrongful termination for this additional reason.

The Court should dismiss Plaintiff's retaliation and wrongful termination claims against the individual defendants.

**5.    Plaintiff Has Failed to Plead Actionable NIED Claims Against the Individual Defendants**

As with Plaintiff's NIED claim against BMI,[9] that claim also fails as against the individual defendants: (1) it is duplicative of the WLAD claim, and (2) the individual defendants, like BMI, did not owe Plaintiff a duty of care to avoid the infliction of emotional distress in managing or in terminating his employment. *See* Dkt. No. 4 at pp.20-23.

Plaintiff's NIED claim is premised on the same allegations as his discrimination claim. See Compl., ¶7.1. As such it is improperly duplicative of that claim and must be dismissed. *See Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d

---

[9] See Dkt. No. 4.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 19
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

1070, 1093 (W.D. Wash. 2014); *Anaya v. Graham*, 89 Wn. App. 588, 595 (1998); *Horne v. Seattle City Light*, No. 2:25-CV-01606-JNW, 2026 WL 445559, at *2–3 (W.D. Wash. Feb. 17, 2026).

Plaintiff NIED against the individual defendants fails for the additional reason that they did not owe him a duty of care to avoid the infliction of emotional distress in managing or in terminating his employment. *See Snyder v. Medical Serv. Corp. of Eastern Wash.*, 98 Wn. App. 315 (1999) *aff'*d, 145 Wn.2d 233, 243 (2001); s*ee Bishop v. State*, 77 Wn. App. 228 (1995); *Lords v. N. Auto Corp.*, 75 Wn. App. 589, 595 (1994)*, as amend. on denial of reconsideration (Sept. 1, 1994), and* overruled *on other grounds by Mackay v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302 (1995).

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant the individual defendants' Motion to Dismiss, dismissing all claims against them, their spouses (John Doe Delucchi and Jane Doe Tufford) and their marital communities.

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 20
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

DATED this 30th day of July, 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

Attorneys for Defendants

By s/Seth J. Berntsen
    Seth J. Berntsen, WSBA #30379
    Rebecca R. Singleton, WSBA #57719
    Eva Oliver, WSBA #57019
    sethb@summitlaw.com
    rebeccas@summitlaw.com
    evao@summitlaw.com

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 21
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the

foregoing to be served, as indicated, upon the following participants:

Carrie M. Coppinger                    *Via CM/ECF and*
COPPINGER LAW P.S.                     *Email*
103 W. Main Street, Suite 202
Everson, WA 98247
cc@coppingerlawps.com
service@coppingerlawps.com

*Attorney for Plaintiff*

DATED this 30th day of July, 2026.

                                        *s/Dominique Barrientes*
                                        Dominique Barrientes, Legal Assistant
                                        dominiqueb@summitlaw.com

MOTION TO DISMISS BY INDIVIDUAL
DEFENDANTS PITTMAN, DELUCCHI, EKLUND,
AND TUFFORD - 22
CASE NO.  4:26-CV-05098-TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001