Seth J. Berntsen, WSBA #30379
Rebecca S. Singleton, WSBA #57719
Eva Oliver, WSBA #57019
Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
(206) 676-7000
*sethb@summitlaw.com*
*rebeccas@summitlaw.com*
*evao@summitlaw.com*

*Attorneys for Defendant Battelle Memorial Institute*

Hon. Thomas O. Rice

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

ALARIC HARTSOCK, individually,

Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.

Defendants.

CASE NO. 4:26-cv-05098-TOR

**DEFENDANT BMI'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Re-Noted for: 9/15/2026
Without oral argument

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. RELEVANT BACKGROUND ..... 1

III. AUTHORITIES AND ARGUMENT ..... 3

A. BMI Timely Removed this Matter. ..... 4

B. To Properly Remove this Matter, BMI was not Required to Have the Consent of Unserved Defendants. ..... 5

C. This Court Does Not Require the Filing of All State Court Records Upon Removal. BMI Has Filed All State Court Records. Not Filing State Records Served on BMI With Removal Does Not Warrant Remand. ..... 8

D. No Other Basis Exists for Remand. ..... 12

1. Plaintiff's Passing Reference to "Forum Defendant[s]" in the Background Section Did Not Raise an Affirmative Ground for Remand. ..... 12

2. In Any Event, the Forum Defendant Rule Would Not Warrant Remand. ..... 14

IV. CONCLUSION ..... 17




SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baiul v. NBC Sports*,
732 F. App'x 529 (9th Cir. 2018) ........................................................ 16

*Beecher v. Wallace*,
381 F.2d 372 (9th Cir. 1967)............................................................ 8

*Carillo v. Cty of Los Angeles*,
798 F.3d 1210 (9th Cir. 2015)........................................................... 11

*Dechow v. Gilead Sci., Inc.*,
358 F. Supp.3d 1051 (C.D. Cal. 2019) ............................................... 15

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011)......................................................... 4, 6

*Dolan v. Nationstar Mortg., LLC*,
No. 25-CV-2242-GPC-BJW, 2025 WL 3649273, fn.3 (S.D. Cal. Dec. 16, 2025) 8

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988)............................................................ 6

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*,
902 F.3d 147 (3d Cir. 2018)............................................................. 14

*Ethridge v. Harbor House Rest.*,
861 F.2d 1389 (9th Cir. 1988)............................................................ 6

*Gentile v. Biogen Idec, Inc.*,
934 F. Supp. 2d 313 (D. Mass. 2013) ................................................ 15

*Gibbons v. Bristol-Meyers Squibb Co.*,
919 F.3d 699 (2d Cir. 2019)............................................................. 14

*Greenfield Advisors LLC v. Salas*,
733 F. App'x 364 (9th Cir. 2018) ........................................................ 8



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

*Gustafson v. Alloyd Co. Inc.*,
513 U.S. 561 (1995) ........ 16

*Hopkins v. Bonvicino*,
573 F.3d 752 (9th Cir. 2009) ........ 11

*HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Sec. Corp. Home Equity Loan Tr., Series 2007-MW1, Asset-backed Pass-through Certificates v. Fid. Nat'l Title Grp., Inc.*,
508 F. Supp. 3d 781 (D. Nev. 2020) ........ 15

*Jacob v. Mentor Worldwide, LLC*,
393 F. Supp. 3d 912 (C.D. Cal. 2019) ........ 14

*Kuxhausen v. BMI Fin. Servs. NA LLC*,
707 F.3d 1136 (9th Cir. 2013) ........ 10, 11

*Lively v. Wild Oats Markets, Inc.*,
456 F.3d 933 (9th Cir. 2006) ........ 13

*Maui Pineapple Co., LTD. v. E.A. Bonelli & Assocs., Inc., Architects*,
No. CIV.06-00655 DAE-LEK, 2007 WL 1977238 (D. Haw. July 2, 2007) ..... 6, 7

*McCall v. Scott*,
239 F.3d 808, fn.2 (6th Cir. 2001) ........ 14

*N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*,
69 F.3d 1034 (9th Cir. 1995) ........ 13

*Nunn v. Mentor Worldwide, LLC*,
847 F. App'x 373 (9th Cir. 2021) ........ 15

*Pope v. Spokane Sch. Dist. No. 81*,
No. C21-1079-JCC-SKV, 2021 WL 5967921 (W.D. Wash. Nov. 19, 2021) . 7, 10

*Pressman v. Meridian Mortg. Co.*,
334 F. Supp. 2d 1236 (D. Haw. 2004) ........ 7

*Salveson v. Western States Bankcard Ass'n.*,
731 F.2d 1423 (9th Cir. 1984) ........ 6




SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

*Shopmens Loc. 516 Pension Tr. v. Travelers Cas. & Sur. Co. of Am.*, No. 05-444-KI, 2005 WL 1653629 (D. Or. July 6, 2005) .................................. 11

*Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867 (9th Cir. 2004)........................................................................ 16

*Stanphill v. State Farm Mut. Auto. Ins. Co.*, No. C09-0235-JCC, 2009 WL 10675666 (W.D. Wash. June 26, 2009) ......... 9, 11

*Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020)........................................................................ 14

*Tom Chen v. Vertical Screen, Inc.*, No. C17-0938JLR, 2017 WL 3704836 (W.D. Wash. Aug. 28, 2017) ................ 10

**Statutes**

28 U.S.C. 1332(a) ........................................................................................ 1, 2

28 U.S.C. § 1441(a) ........................................................................................ 5

28 U.S.C. § 1441(b)(2)............................................................ 13, 14, 15, 16

28 U.S.C. § 1446(b) ........................................................................................ 3, 4

28 U.S.C. § 1446(b)(2)(A) .......................................................................... 3, 5, 16

28 U.S.C. § 1447(b) ........................................................................................ 8

RCW 4.16.170................................................................................................ 4

RCW 49.60...................................................................................................... 2

Section 1446(a) .............................................................................................. 9



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

## I. INTRODUCTION

Defendant Battelle Memorial Institute ("BMI") properly removed this action to this court pursuant to 28 U.S.C. 1332(a). There is complete diversity of citizenship. BMI is an Ohio nonprofit corporation, Plaintiff was a resident of Oregon at the time he filed suit, and none of the individually named Washington-resident defendants, named in their official capacity, had been served at the time of removal, nor have they been properly served to date. Further, it is undisputed that the amount in controversy exceeds $75,000. Removal is proper.

Against this backdrop, Plaintiff nonetheless seeks remand arguing removal was untimely (it was not); that BMI was required to get consent of defendants who had not yet been served (it was not); and that BMI's filing of two state court records shortly after removing warrants remand (it does not). As established below, these arguments fail. BMI respectfully asks the Court to deny Plaintiff's motion.

## II. RELEVANT BACKGROUND

Plaintiff Alaric Hartsock is a former employee of BMI, having worked for the company from approximately March 2021 to November 2024 when his employment was terminated. *See* ECF No. 1, (Notice of Removal, Ex. A, hereinafter "Complaint" or "Compl.") at 12, 18. Prior to commencing this action, Plaintiff sent a demand letter to BMI in which he claimed his damages exceeded $75,000. ECF No. 1, Notice of Removal, ¶13. On June 4, 2026, Plaintiff initiated this lawsuit by filing a



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

complaint in Benton County Superior Court. *See* Complaint. The Complaint alleges various claims under the Washington Law Against Discrimination, RCW 49.60 et seq ("WLAD") and tort theories. *Id.*

At the time of commencement, Plaintiff was a resident of Oregon. *See* ECF No. 1, ¶5.[1] The Complaint named as defendants: BMI, an Ohio nonprofit corporation, d/b/a Pacific Northwest National Laboratory, along with four BMI employees and Washington residents: Casey Pittman, Jessica Delucchi, Steve Eklund, and Mitchell Tufford. Compl. ¶¶1.3–1.6. Plaintiff served BMI on June 10, 2026, but did not serve the individually named defendants. ECF No. 1, ¶¶2, 7. Over two weeks later, on June 26, 2026, BMI removed this matter to this Court pursuant to 28 U.S.C. 1332(a), 1441, and 1446. *Id.* Critically, at the time of removal, the individually named defendants had not been served. See ECF No. 1, ¶7.

BMI properly removed this matter on the basis of diversity jurisdiction because all served parties are diverse, none of the forum defendants had been served, and the amount in controversy exceeds $75,000.[2] *See* ECF No. 1.

---

[1] Plaintiff's Motion to Remand does not contest his Oregon residency. *See* ECF No. 5.

[2] Plaintiff also does not dispute that the amount in controversy exceeds $75,000.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Nonetheless, on July 27, Plaintiff filed an Objection to Removal and Motion to Remand. ECF No 5 (hereinafter "Motion to Remand").[3] Although Plaintiff's Motion to Remand is not a model of clarity, it appears to make the following arguments: (1) removal was untimely, (2) the individual defendants did not unanimously consent to removal, and (3) not all state court pleadings were attached to the notice of removal. *See* Motion to Remand. Each argument fails and the Court should deny Plaintiff's Motion to Remand.

## III. AUTHORITIES AND ARGUMENT

Plaintiff's Motion to Remand has failed to identify any jurisdictional or procedural basis for remand or any binding authority supporting his position. First, BMI timely removed this matter within 30 days of being served as expressly required by 28 U.S.C. § 1446(b) and it did not need to wait for Plaintiff to properly serve the individual defendants, which still has not occurred. Second, the individual defendants did not need to consent to removal as they had not been served at the time of removal. *See* 28 U.S.C. § 1446(b)(2)(A). Third, this Court does not require the filing of all state court pleadings at the time of removal, all state court pleadings have been filed, and the two served documents which were not filed with the Court

---

[3] Plaintiff's incorrectly asks this Court to remand this matter to Pierce County Superior Court. *See* ECF No. 5 at p.1.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

at the time of removal constitutes a *de minimis* error that does not warrant remand. Finally, Plaintiff has not properly raised the forum defendant rule, but even if he has, that argument fails because no forum defendant was served prior to removal and none have been served to date.

**A. BMI Timely Removed this Matter.**

Plaintiff argues that BMI's removal was "untimely", "premature" and/or "too early" because it did not wait for Plaintiff to serve the individual defendants. Motion to Remand at pp. 3, 5. Plaintiff's unsupported argument seems to be that, because state law tolls the statute of limitations for ninety days after filing and before service under state law (RCW 4.16.170), BMI should have waited for Plaintiff to serve the individual defendants before removing the matter. *Id*. Plaintiff is incorrect.

A defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). Where, as here, there are multiple defendants, each defendant has thirty days to remove after they are served. *Destfino v. Reiswig*, 630 F.3d 952, 955–56 (9th Cir. 2011) ("[W]e hold that each defendant is entitled to thirty days to exercise his removal rights after being served.").



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

BMI had thirty days from June 10, 2026[4] to remove and waited sixteen days after service before removing to this Court. Plaintiff could have, but chose not to, serve the individual defendants prior to serving BMI or in the two-plus weeks thereafter. BMI had no obligation to wait for Plaintiff to serve the individual defendants before removing. In fact, if BMI had waited too long, it would have lost the opportunity to remove prior to its own 30-day deadline. BMI's removal was timely and appropriate.

**B. To Properly Remove this Matter, BMI was not Required to Have the Consent of Unserved Defendants.**

Plaintiff argues that remand is warranted because BMI removed this matter without the consent of the individual defendants. ECF No. 5, pp.5–6. Once again, Plaintiff is incorrect.

Where, as here, a civil action is removed solely under 28 U.S.C. § 1441(a), *only* defendants "who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In other words, and contrary to Plaintiff's position, defendants who have not been served are not required

---

[4] Plaintiff claims that BMI was served on June 18, 2026, citing Exhibit B to the Coppinger Declaration. But that exhibit makes clear that BMI was served on June 10, not June 18. *See* ECF No. 5-1, pp.24–26.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

to consent to removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n.1 (9th Cir. 1988) (noting that the unanimity "rule applies, however, only to defendants properly joined and served in the action") (*citing Salveson v. Western States Bankcard Ass'n*., 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."));[5] *accord Destfino*, 630 F.3d at 956–57 (holding that improperly served defendants were not required to join removal, and further holding: "Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective.")

In fact, several of the authorities cited by Plaintiff recognize this well-established principle. *See* Motion to Remand, pp.5–6, *citing Maui Pineapple Co., Ltd v. E.A. Bonelli & Associates, Inc.*, No. CIV 06-00655 DAE-LEK, 2007 WL 1732562, at *5 (D. Haw. June 14, 2007) (recognizing rule of unanimity "only applies, however, to those defendants properly served and joined in the action….. The Ninth Circuit therefore recognizes an exception in cases where defendants are not served and permits the defendant(s) summoned to remove without joining the unserved defendant(s)… ."), *report and recommendation adopted sub nom. Maui*

[5] Superseded by statute on other grounds as recognized in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988).



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

*Pineapple Co., LTD. v. E.A. Bonelli & Assocs., Inc., Architects,* No. CIV.06-00655 DAE-LEK, 2007 WL 1977238 (D. Haw. July 2, 2007); *see also Pressman v. Meridian Mortg. Co*., 334 F. Supp. 2d 1236, 1240–41 (D. Haw. 2004) (requirement for unanimous consent "applies, however, only to defendants properly joined and served in the action.").

In *Maui Pineapple*, cited by Plaintiff, the court found the notice of removal defective because the co-defendant had been served prior to removal. *Maui Pineapple Co.,* 2007 WL 1732562 at *6. That is not the case here. It is undisputed that none of the individual defendants were served prior to removal.

To the extent Plaintiff suggests that the individual defendants must consent to removal because they have since been served, Plaintiff is incorrect. First, only defendants served *at the time of removal* must consent to removal; service afterwards does not defeat removal. *See Pope v. Spokane Sch. Dist. No. 81*, No. C21-1079-JCC-SKV, 2021 WL 5967921, at *4 (W.D. Wash. Nov. 19, 2021) ("Only the defendants served *at the time of the removal* petition must join in or consent to removal.") (emphasis in original), *report and recommendation adopted*, No. C21-1079-JCC-SKV, 2021 WL 5944250 (W.D. Wash. Dec. 16, 2021).

Second, Plaintiff has *still* not properly served the individual defendants. The purported service on three of the individual defendants was defective because the defendants were served after removal, *with a state court summons*, not with a



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

summons from this Court. *See* ECF No. 8, pp.2–13 (7/30/26 Declaration of Seth Berntsen, ¶¶3–5, Exhs. A, B, C). Serving a state court summons after removal is ineffective where, as here, the defendant served after removal did not initiate or consent to removal. *See Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967); *Greenfield Advisors LLC v. Salas*, 733 F. App'x 364, 367 (9th Cir. 2018); *Dolan v. Nationstar Mortg., LLC*, No. 25-CV-2242-GPC-BJW, 2025 WL 3649273, at *3, fn.3 (S.D. Cal. Dec. 16, 2025).

The individual defendants were not served prior to removal, and they still have not properly been served. BMI did not need their consent to remove.

**C. This Court Does Not Require the Filing of All State Court Records Upon Removal. BMI Has Filed All State Court Records. Not Filing State Records Served on BMI With Removal Does Not Warrant Remand.**

Citing 28 U.S.C. § 1447(b), Plaintiff claims remand is warranted because BMI did not file "all the records and proceedings from the state court proceeding." Motion to Remand, pp.6–7. Plaintiff is again mistaken.

Section 1447(b) provides in relevant part that the district court "*may* require the removing party to file with its clerk copies of all records and proceedings in such State court… ." 28 U.S.C. § 1447(b) (emphasis added). This Court, however, has not imposed any such requirement through either the Eastern District of Washington local civil rules or Court order. Plaintiff's reliance on cases from the *Western*



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

District of Washington, which does have such a requirement,[6] are inapplicable here. *See* Motion to Remand, p.7, *citing Stanphill v. State Farm Mut. Auto. Ins. Co.*, No. C09-0235-JCC, 2009 WL 10675666 (W.D. Wash. June 26, 2009) (relying upon WDWA local civil rule 101(b) which requires the filing of certain records contemporaneously with removal, including state court records and pleadings).

Section 1446(a) requires a defendant removing an action from state court to file in the district court a notice of the removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Plaintiff does not argue that failure to comply with this different requirement warrants remand. In any event, that argument would fail.

BMI's notice of removal attached a copy of the Complaint, but inadvertently omitted two other documents which had been served upon it: (1) the Summons, and (2) June 4, 2026 Case Information Cover Sheet. *Compare* ECF No. 1 (notice of removal, attaching Complaint as Exhibit A), *with* ECF No. 6, pp. 4–22 (state court pleadings served on BMI as of the date of removal).[7] BMI has since filed these

---

[6] *See* WDWA Local Civil Rule 101(b).

[7] Contrary to Plaintiff's suggestion, the Notice of Service (Coppinger Decl., Exh. B) was not served on BMI, but instead filed in Benton County Superior Court.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

pleadings and all state court records which it understands have been filed in state court and which it has been able to obtain. *See* ECF No. 6, p.2.

Not filing the case information sheet and summons with the notice of removal is a "de minimis procedural defect [that is] curable even after expiration of the thirty-day removal period." *See Kuxhausen v. BMI Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (citations omitted) (rejecting a plaintiff's argument that a case should be remanded because the defendant did not attach the original complaint to its notice of removal); *Tom Chen v. Vertical Screen, Inc.*, No. C17-0938JLR, 2017 WL 3704836, at *6 (W.D. Wash. Aug. 28, 2017) (refusing to remand where removing defendant did not include affidavit of service with notice of removal, holding defendants' error "is a *de minimis* procedural defect that is curable even after the expiration of the 30-day removal period."); *see also*, *Pope v. Spokane Sch. Dist. No. 81*, No. C21-1079-JCC-SKV, 2021 WL 5967921, at *6 (W.D. Wash. Nov. 19, 2021) (holding that failure to file state court records at time of removal "is curable and does not deprive the Court of jurisdiction or warrant remand") (collecting cases and holding same), *report and recommendation adopted*, No. C21-1079-JCC-SKV, 2021 WL 5944250 (W.D. Wash. Dec. 16, 2021). District court cases cited by Plaintiff are either from outside the Ninth Circuit and therefore not



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

binding or persuasive[8] or pre-date the Ninth Circuit's binding decision in *Kuxhausen.* [9]

---

[8] Plaintiff cites to three out-of-circuit district court cases, two from the Northern District of Alabama and one out of the District of Colorado. *See* Motion to Remand at 6–7. As the Ninth Circuit has definitively ruled on this issue, the Court should disregard these cases. *See Carillo v. Cty of Los Angeles*, 798 F.3d 1210, 1222–23 (9th Cir. 2015) (In the Ninth Circuit, even though "disagreement among circuit courts may imply a legal principle is not 'beyond debate,' and thus not clearly established . . . '[i]f the right is clearly established by decisional authority by the Supreme Court or of this Circuit, our inquiry should come to an end.'") (quoting *Hopkins v. Bonvicino*, 573 F.3d 752, 772 (9th Cir. 2009)) (alteration in original).

[9] Both of the following cases were cited by Plaintiff and decided before *Kuxhausen: Stanphill v. State Farm Mut. Auto. Ins. Co.*, No. C09-0235-JCC, 2009 WL 10675666 (W.D. Wash. June 26, 2009); *Emps.-Shopmens Loc. 516 Pension Tr. v. Travelers Cas. & Sur. Co. of Am.*, No. 05-444-KI, 2005 WL 1653629, at *4 (D. Or. July 6, 2005). Furthermore, *Stanphill*, as noted above, involved a local civil rule (requiring the filing of all state court records) which does not exist in this district.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Finally, Plaintiff has failed to identify any prejudice from the summons and Benton County Case Information Cover Sheet not being attached to the Notice of Removal. This Court needs neither to determine that diversity jurisdiction exists for removal. Furthermore, BMI promptly filed both with this Court, along with all other available state court records, when the issue was brought to its attention. *See* ECF No. 6.

**D. No Other Basis Exists for Remand.**

Plaintiff's Motion to Remand makes a vague and passing reference to the residency and timing of (improper) service of three of the four individual defendants. Motion to Remand at 3. As a threshold matter, the Court should not consider one sentence in the background section of Plaintiff's Motion to be a substantive argument. But even if it does, it lacks merit and does not warrant remand.

**1. Plaintiff's Passing Reference to "Forum Defendant[s]" in the Background Section Did Not Raise an Affirmative Ground for Remand.**

Plaintiff's Motion to Remand contains two substantive arguments in its "Legal Argument" section—(1) lack of unanimity, and (2) alleged failure to file state court records. Motion to Remand, pp.4–7. Plaintiff also included a timeliness argument in a "Legal Argument" subheading and in "Legal Standard" subsection. *Id.*, pp.4–5. These arguments are addressed above.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Plaintiff does not argue the forum defendant rule is a basis for remand, instead making only passing reference to post-removal service of "forum defendant[s]" with a cite to 28 U.S.C. § 1441(b)(2) in a single sentence in the background section of his motion.[10] Because Plaintiff never articulates, let alone supports, a theory that post-removal service on a forum defendant warrants remand, the Court should not construe his Motion as raising such an argument.[11]

[10] Motion to Remand at p.3, lines 2–4.

[11] If Plaintiff desired to seek remand based on an alleged procedural defect, like the forum defendant rule, he was required to affirmatively do so within the 30-day remand period. Otherwise, the argument is waived. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933 (9th Cir. 2006); *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995); *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The Court should reject and not consider any attempt by Plaintiff to improperly raise this argument for the first time on reply. *See N. California Dist. of Laborers*, 69 F.3d at 1037 (rejecting attempt to raise, for the first time on reply more than 30 days after removal, new procedural defect argument as basis for remand).



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

**2. In Any Event, the Forum Defendant Rule Would Not Warrant Remand.**

Even if Plaintiff's Motion to Remand has sufficiently argued the forum defendant rule as a basis for remand, that argument fails. Section 1441(b)(2) provides that a matter may not be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The critical language is "properly joined *and served*… ." *Id*. (emphasis added). As many district courts within this Circuit have found, the text of 1441(b)(2) is unambiguous and only prohibits removal *when an in-state defendant has been properly joined and served prior to removal*.

While the Ninth Circuit has not squarely addressed the issue, the Second, Third, Fifth, and Sixth Circuits have endorsed removal where, as here, no forum defendant has been served prior to removal. *See Gibbons v. Bristol-Meyers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-154 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485-87 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808, 813, fn.2 (6th Cir. 2001). And several district courts within this Circuit have found the same. *See*, *Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 922 (C.D. Cal. 2019) (finding that section 1441(b)(2) did not prohibit removal when a non-



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

forum defendant had been served and there was no reason Plaintiff could not have served the forum defendants before removal), *aff'd sub nom. Nunn v. Mentor Worldwide, LLC*, 847 F. App'x 373 (9th Cir. 2021); *Dechow v. Gilead Sci., Inc.*, 358 F. Supp.3d 1051, 1054–56 (C.D. Cal. 2019) ("The text of § 1441(b)(2) is unambiguous," and "[i]ts plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined *and served*.") (emphasis in original).

Relatedly, other district courts have found that a Plaintiff's failure to serve in-state defendants before non-forum defendants constitutes a waiver of any objection to removal. *See HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Sec. Corp. Home Equity Loan Tr., Series 2007-MW1, Asset-backed Pass-through Certificates v. Fid. Nat'l Title Grp., Inc.*, 508 F. Supp. 3d 781, 789 (D. Nev. 2020) ("A plaintiff who serves a non-forum defendant before serving a forum one has effectively chosen to waive an objection to removal by a nimble non-forum defendant who thereafter removes the case before it can be served.") (*citing Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013) ("If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint."). Plaintiff has provided no reason why he was unable to serve the



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

individual defendants prior to BMI removing the matter, let alone why he has *still* failed to properly serve three of them, and made no attempt to serve one. But in any event, by making the conscious decision to serve BMI but not the individual defendants, Plaintiff waived any objection to removal.

Further, Ninth Circuit precedent confirms this plain-meaning reading. Section 1446(b)(2)(A)—the analogous provision governing the unanimity rule—uses the identical phrase "properly joined and served" to determine which defendants must consent to removal. Interpreting that language, the Ninth Circuit has held that only defendants properly joined and served *at the time of removal* need consent. *Baiul v. NBC Sports*, 732 F. App'x 529, 531 (9th Cir. 2018). Because §1446(b)(2)(A) and §1441(b)(2) use the same "properly joined and served" language within the same removal statute, that language should be read the same way in both provisions. *See Gustafson v. Alloyd Co. Inc.*, 513 U.S. 561, 570 (1995) ("the normal rule of statutory construction is that identical words used in different parts of the same act are intended to have the same meaning") (internal citation and quotation omitted). The Ninth Circuit's construction of that phrase in the unanimity context thus directly supports the same construction of §1441(b)(2)'s forum defendant rule.

Further, in an analogous situation, the Ninth Circuit made clear that the forum defendant rule is only applicable at the time a notice of removal is filed. *See Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004). In *Spencer*,



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

the Ninth Circuit held that joining a party after removal does not warrant remand, because the proper focus is on the circumstances existing at the time the notice of removal is filed. Here, Plaintiff had not served the individual defendants at the time of removal, and still has not properly served them. As such, complete diversity existed at the time of removal, and still exists today, and removal by BMI was proper.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has not met his burden of demonstrating that removal was improper or that this Court lacks subject matter jurisdiction. BMI timely removed this matter within 30 days of service. The individually named defendants were not properly joined and served at the time of removal and therefore were not required to consent. That the notice of removal inadvertently did not include two non-consequential, state court served records on BMI was a *de minimis* error that was promptly cured and does not warrant remand. And, finally, Plaintiff has not properly raised the forum defendant rule as a basis for remand. But even if he has, that argument fails as no forum defendant was served prior to removal, and none have been served to date.

Accordingly, BMI respectfully requests that the Court deny Plaintiff's Motion to Remand in its entirety.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

DATED this 17th day of August, 2026.

SUMMIT LAW GROUP, PLLC
Attorneys for Defendants

By *s/ Seth Berntsen*
Seth J. Berntsen, WSBA #30379
Rebecca R. Singleton, WSBA #57719
Eva Oliver, WSBA #57019
*sethb@summitlaw.com*
*rebeccas@summitlaw.com*
*evao@summitlaw.com*



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carrie M. Coppinger
COPPINGER LAW P.S.
103 W. Main Street, Suite 202
Everson, WA 98247
cc@coppingerlawps.com
service@coppingerlawps.com
*Attorney for Plaintiff*

DATED this 17th day of August, 2026.

*s/ Sage Emerson*
Sage Emerson, Legal Assistant
*sagee@summitlaw.com*



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001