THE HONORABLE THOMAS O. RICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| ALARIC HARTSOCK, individually,<br><br>Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.<br><br>Defendants. | NO. 4:26-cv-05098-TOR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF OBJECTION TO REMOVAL AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)**<br><br>NOTE ON MOTION CALENDAR:<br>September 15, 2026<br>Without Oral Argument |

## INTRODUCTION

Plaintiff Alaric Hartsock respectfully submits this Reply to Defendant's Opposition. Defendant Battelle failed to carry their burden of establishing federal jurisdiction. They did not provide evidence of the jurisdictional requirements in the removal petition itself. Furthermore, Defendant Battelle's removal petition was procedurally defective. They did not



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 address
www.coppingerlawps.com web
360.676.7545 phone
360.306.8369 fax

file "all additional records and proceedings in the state court," as required by 28 U.S.C. § 1447(b), and prior rulings cited in Plaintiff's Opposition to Removal. The procedural defects require the remand of this case to state court. Accordingly, it is respectfully requested that this Court remand this case to state court for all further proceedings.

## ARGUMENT AND AUTHORITY

**A. Defendant Battelle attempts to circumvent the Forum Defendant Rule when all individually named defendants reside in state as demonstrated by Declarations of service obtained under the State cause of action.**

While Defendant Battelle's removal was admittedly on the very end of the 30 day removal period, each individually named defendant in the Summons and Complaint were clearly identified as residing within the State of Washington at all relevant times with the State action being served in Washington State upon each Forum Defendant, which has not been denied by Defendant Battelle. See Declarations of Service filed herein.

Defendant Battelle objects to the obtained services upon each Forum Defendant containing the Summons and Complaint from the removed state action, which upon remand would be proper. Regardless, by the time of this hearing, it is anticipated that a federal Summons will have been issued for the individually named Forum Defendants to be served along with the removed Complaint in full compliance with FRCP 4.

**B. Defendant Battelle failed to carry his burden of establishing federal jurisdiction.**

The burden of establishing federal jurisdiction is always on the removing party. *Hunter v. United Van Lines,* 746 F.2d 635, 639 (9th Cir. 1984), *cert. denied*, 474 U.S. 863, 88 L. Ed. 2d 150, 106 S. Ct. 180 (1985). The removal statutes are strictly construed against removal. *Shamrock Oil and Gas Corp. v. Sheet,* 313 U.S. 100, 108-109 (1941); *Johnson v. Port of*



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 address
www.coppingerlawps.com web
360.676.7545 phone
360.306.8369 fax

*Seattle*, 261 F. Supp. 2d 1243, 1244 (D. Wash. 2003); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir., 1992). When a case is removed, there is a "strong presumption" against removal jurisdiction, which means the defendant always has the burden of establishing that removal is proper. *Id.* To meet this burden, the defendant must supply facts ***in the removal petition itself*** that prove that jurisdictional requirements have been met. *Gaus*, 980 F.2d at 567. Mere conclusory statements regarding the amount in controversy are insufficient for meeting the amount-in-controversy requirement. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Defendant Battelle did not carry their burden of establishing federal jurisdiction by providing evidence of the jurisdictional requirements ***in the removal petition itself.*** As confirmed in Defendant's Opposition, Defendant Battelle only offered conclusory statements in the removal notice regarding the value of case. The statements were not supported by affidavits, declarations, exhibits, or other competent evidence. Such statements alone are insufficient to establish jurisdiction. *Gaus*, 980 F.2d at 567; *Matheson*, 319 F.3d at 1090-91. Though Defendant Battelle contends that such statements are sufficient in themselves to support jurisdiction, they do not cite to any case law to support this contention. *See also, McCaa v. Massachusetts Mutual Life Ins. Co.*, 330 F.Supp.2d 1143, 1149 (D. Nev. 2004) (in ordering remand, the court noted "[f]urthermore, to meet its burden of proof as to the amount in controversy, Mass Mutual could have introduced evidence of jury verdicts in cases involving similar facts. [Citation omitted.] Mass Mutual did not do so.").

Defendant Battelle offers reference to a settlement demand, which Defendant Battelle rejected. *Id.*, Decl. of Seth J. Berntsen, but admits there is no calculation for these damages



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

and does not attach the letter as an exhibit. The burden was on Defendant Battelle at the time he requested removal to set forth in the notice of removal itself the "underlying facts supporting [the] assertion that the amount in controversy" requirement was met. *Gaus*, 980 F.2d at 567. *Id.*; *Matheson*, 319 F.3d at 1090-91. Other courts agree:

> Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. **Both the requisite amount in controversy and the existence of diversity must be affirmatively established *on the face of either the petition or the removal notice.***

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (emphasis added), *cert. denied*, 516 U.S. 863, 116 S.Ct. 174 (1995). Declarations and exhibits attached to an opposition should not be considered because they were not included in the removal petition itself.

Even if the never-presented evidence may be considered, that evidence would not help Defendant to carry their burden. The declaration regarding a letter from Plaintiff's attorney is not probative when that amount was wholly disputed and uncalculated. That Plaintiff asserted a potential remedy rather than stipulate to a limitation of that remedy does not establish the amount in controversy: "attempting to force the plaintiff to enter a stipulation regarding the amount of damages would serve no effect in determining the actual amount in controversy at the time of removal." *Dobson v. United Airlines, Inc.*, 2002 WL 31689365 (N.D. Cal. 2002), *citing Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998). In *Dobson*, *supra*, "defendants contend that they have met their burden of showing that the amount in controversy exceeds $75,000.00 because plaintiff has refused to stipulate that the amount in controversy is less than that amount." Addressing this contention, the court reasoned that this approach is not acceptable:



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 address
www.coppingerlawps.com web
360.676.7545 phone
360.306.8369 fax

> The burden is on the defendants, not the plaintiff, to prove the amount in controversy. If the Court were to conclude that a plaintiff's refusal to stipulate is sufficient to satisfy that burden, defendants in every removal dispute would force the plaintiffs to choose between stipulating against their future remedies and remaining in federal court. The Court joins other courts in this District in declining to force plaintiffs to make such a choice.

*Id.* at *1, *citing Conrad*, 994 F. Supp. at 1199. *See also Burk v. Medical Savings Ins. Co.*, 348 F.Supp.2d 1063, 1070 (D. Ariz. 2004) ("The burden is on Defendant to prove the amount in controversy. Accordingly, Plaintiffs need not stipulate to limit their future remedies to prevent Defendant's removal to federal court."). Other courts agree. *See, e.g., Gramc v. Millar Elevator Co./Schindler Enter.*, 3 F.Supp.2d 1082, 1084 (E.D. Mo. 1998) ("This Court does not require a plaintiff to stipulate that the amount in controversy will not exceed $75,000.00 as a prerequisite to remand."); *Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1365 (M.D. Fla. 1998) ("Defendant has failed to persuade this Court that failure to stipulate is evidence the amount in controversy exceeds the jurisdictional amount.").

**C. Defendant Battelle acknowledges that certain state court documents were not filed with the clerk of this Court. These procedural defects are fatal to the petition and require this case to be remanded.**

A "federal court ***must order remand*** if there is any defect which causes federal jurisdiction to fail, or ***if there is any defect in the removal procedure***." *Colvin v. Conagra Foods*, 2007 WL 3306746 (W.D. Wash. 2007) (emphasis added). In their Response, Defendant Battelle acknowledges that they did not file with the Court clerk at least two state court documents: (1) the Case Information Cover Sheet; and (2) the Summons. *See* Motion to Remand, Exhibit A; Def. Opp., p. 9, lines 11-13. While they acknowledge that these documents were not timely filed, Defendant Battelle argues that not filing these documents is a "de minimis procedural defect." *See* Def. Opp. p. 10, lines 3-5.



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

The Court has previously found that such documents ***are*** part of the state court "records and proceedings". *Stanphill v. State Farm*, 2:09-cv-00235-JCC (W.D. Wash. June 26, 2009) at *4, *accord, Benson v. Providence Health & Services*, 2:09-cv-01560-JLR (W.D. Wash. Feb. 11, 2010) at *5. As in this case, in *Stanphill* the "Defendant did not include the Case Information Cover Sheet that Plaintiff filed in state court." As a consequence, the "Defendant admittedly failed to provide the Court with the complete record and proceedings in the state court, as required by 28 U.S.C. § 1447(b)" *Id.* at pp. 4-5. Due to the procedural defect and the Defendant's failure to cure the defect within the thirty-day removal window, the case was remanded to the state court. *Id.*

**CONCLUSION**

In the removal petition itself, Defendant Battelle did not carry their burden of establishing federal jurisdiction by providing evidence of the jurisdictional requirements. Due to the strong presumption against removal jurisdiction, a federal court must resolve any doubt in favor of remand. The removal petition suffered fatal procedural defects as well. Defendant Battelle did not file "all additional records and proceedings in the state court," as required by 28 U.S.C. § 1447(b). This case must be remanded.

Dated this 31st day of August 2026.

COPPINGER LAW, P.S.

Attorney for Plaintiff Alaric Hartsock

By s/Carrie M. Coppinger
Carrie M. Coppinger, WSBA #28817
service@coppingerlawps.com



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 | address
www.coppingerlawps.com | web
360.676.7545 | phone
360.306.8369 | fax

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY under penalty of perjury that on the forgoing date below, I served the foregoing pleading pursuant in this matter as follows:

| | |
|---|---|
| Seth J. Berntsen<br>Rebecca R. Singleton<br>Eva Oliver<br>SUMMIT LAW GROUP, PLLC<br>315 Fifth Avenue S., Ste. 1000<br>Seattle, WA 98104<br>sethb@summitlaw.com<br>rebeccas@summitlaw.com<br>evao@summitlaw.com | () U.S. Mail<br>() Express Mail<br>() Fax<br>() Messenger Service<br>() E-Mail<br>(X) Other: CM/ECF |

DATED this 31st day of August 2026.

COPPINGER LAW P.S.

/s/John Richcreek
John Richcreek,
Paralegal



COPPINGER LAW P.S.
103 W. Main Street, Suite 202, Everson, WA 98247 address
www.coppingerlawps.com web
360.676.7545 phone
360.306.8369 fax