Seth J. Berntsen, WSBA #30379
Eva Oliver, WSBA #57019
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682
(206) 676-7000
*sethb@summitlaw.com*
*evao@summitlaw.com*

*Attorneys for Defendant Battelle Memorial Institute*

Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

ALARIC HARTSOCK, individually,

Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community.

Defendants.

CASE NO. 4:26-cv-05098-TOR

**DEFENDANT BMI'S MOTION TO STRIKE PLAINTIFF'S NEW ARGUMENT OR TO FILE SURREPLY**

9/8/2026
Without Oral Argument



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

## I. INTRODUCTION

Plaintiff Alaric Hartsock filed a Motion to Remand this matter on July 27, 2026. ECF No. 5. In support of Plaintiff's Motion to Remand, Plaintiff argued: (1) removal was untimely, (2) the individual defendants did not unanimously consent to removal, and (3) not all state court pleadings were attached to the notice of removal. ECF No. 5. Plaintiff's Motion made no arguments whatsoever relating to the amount-in-controversy requirement. Defendant BMI timely responded to Plaintiff's Motion to Remand, refuting each of Plaintiff's arguments for remand. ECF No. 9.

With his Reply, Plaintiff improperly advanced a completely new argument for the first time—that Defendant BMI did not present evidence to demonstrate that the amount in controversy requirement had been satisfied. ECF No. 10, pp. 2-5. By improperly raising this argument for the first time in Reply, Plaintiff has deprived BMI of the opportunity to respond to this argument.

Accordingly, with this Motion, BMI respectfully requests that the Court either: (a) strike and disregard Plaintiff's new, improper argument, or (b) provide BMI with leave to file a surreply on an expedited basis.

## II. BRIEF BACKGROUND

Plaintiff Alaric Hartsock, a resident of Oregon, is a former employee of BMI, an Ohio nonprofit corporation. On June 4, 2026, Plaintiff filed suit against BMI and four individual defendants in Benton County Superior Court. Plaintiff chose to serve



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

only BMI. On June 26, 2026, BMI timely removed this matter to this court on the basis of diversity jurisdiction. ECF No. 1.

BMI's Notice of Removal included detailed allegations establishing diversity of citizenship and satisfaction of the $75,000 amount in controversy requirement. ECF No 1. The Notice of Removal did not rely upon allegations alone, but was supported by a declaration attesting to BMI's citizenship and claimed damages exceeding $75,000. ECF No. 2 (Declaration of Seth J. Berntsen), ¶4.

On July 27, 2026, Plaintiff filed an Objection to Removal and Motion to Remand. ECF No. 5 ("Motion to Remand"). In support of the Motion to Remand, Plaintiff argued: (1) removal was untimely, (2) the individual defendants did not unanimously consent to removal, and (3) not all state court pleadings were attached to the notice of removal. ECF No. 5. Critically, Plaintiff's Motion made no arguments whatsoever relating to the amount-in-controversy requirement. *Id*.

On August 17, 2026, Defendant BMI timely responded to Plaintiff's Motion to Remand, comprehensively refuting each of Plaintiff's arguments for remand and further confirming the appropriateness of removal. ECF No. 9. Specifically, BMI's Response established that it timely removed this matter, non-served individual defendants did not need to consent to removal, not initially filing the summons and case information cover sheet was a curable, de minimis defect that did not warrant



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

remand, and that the forum defendant rule did not warrant remand. See ECF No. 9, pp.9-23. In the introduction and background sections, BMI's Response noted in passing that the amount in controversy requirement was not in dispute as Plaintiff had sent a pre-filing demand letter claiming his damages exceeded $75,000. See ECF No. 9, pp. 6-7.

On August 31, 2026, Plaintiff filed a six-page Reply in support of his Motion to Remand. ECF No. 10. Plaintiff devoted approximately four of the six pages *to an entirely new argument which he did not advance with his Motion to Remand*: That BMI did not carry its burden of supplying sufficient facts to satisfy the $75,000 amount in controversy requirement. ECF No. 10, pp.2-6. By making this entirely new argument for the first time in Reply, Plaintiff has deprived BMI of an opportunity to respond to the same.

## III. AUTHORITY AND ARGUMENT

It is improper to raise new arguments for the first time in reply and such arguments are deemed waived. *Delgadillo v. Woodford*, 527 F.3d 919, 930, n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived."); *see also Cmty. Ass'n for Restoration of Env't Inc. v. Washington Dairy Holdings LLC*, No. 1:19-CV-3110-TOR, 2019 WL 13117758, at *7–8 (E.D. Wash. Oct. 24, 2019) ("It is improper for a moving party to introduce new facts or different



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

legal arguments in the reply brief than those presented in the moving papers.") (citations omitted).

Accordingly, courts, including this one, routinely strike and do not consider arguments made for the first time on reply. *Hesterly v. Cornerstone Bldg. Brands Servs., Inc.*, No. 2:26-CV-0077-TOR, 2026 WL 2098191, at *5 (E.D. Wash. July 21, 2026) ("Defendant makes a new argument in its Reply Brief … . The Court declines to consider an argument only now raised for the first time in Defendant's Reply Brief and considers it waived."); *Cmty. Ass'n for Restoration of Env't Inc. v. Washington Dairy Holdings LLC*, *supra* at *7–8 (granting motion to strike new argument improperly raised for the first time on reply).

If, however, the Court desires to consider new reply arguments, it must provide the opposing party with an opportunity to respond to the new arguments. *See Barrett Bus. Servs. Inc. v. Colmenero*, No. 1:22-CV-3122-TOR, 2026 WL 933530, at *4 (E.D. Wash. Jan. 5, 2026), *citing Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.").

Plaintiff's Motion to Remand did not claim, argue, or even suggest that the amount in controversy requirement had not been met. Instead, Plaintiff sought



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

remand on entirely different grounds—that (1) removal was untimely, (2) the individual defendants did not unanimously consent to removal, and (3) not all state court pleadings were attached to the notice of removal. Accordingly, Defendant BMI's Response focused on, and thoroughly refuted, these arguments. BMI's response made only passing reference in the introduction and background sections that amount in controversy requirement had been established and was not disputed. This passing, background reference did not open the door for Plaintiff to make an entirely new argument for the first time on Reply. Nor was Plaintiff's argument in reply a "reasonable response" to arguments made in BMI's Response brief. See *Cmty. Ass'n for Restoration of Env't Inc. v. Washington Dairy Holdings LLC*, No. 1:19-CV-3110-TOR, 2019 WL 13117758, at *7–8.

In short, Plaintiff could have, but chose not to, make an amount in controversy argument in his Motion to Remand. Having chosen to not make that argument, he cannot do so for the first time on Reply as doing so deprives BMI of the opportunity to respond thereto. Accordingly, BMI respectfully requests that the Court strike and not consider Plaintiff's amount-in-controversy argument at pages 2-5 of Plaintiff's Reply.

If, however, the Court chooses to consider Plaintiff's argument, BMI respectfully requests that it be allowed to file a Surreply on an expedited basis. A



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001

Surreply would thoroughly address Plaintiff's arguments, including establishing that: (a) Plaintiff's Reply misstates the appropriate legal standard and relies upon outdated and overruled authorities, (b) BMI's Notice of Removal more than satisfied the amount in controversy requirement by pleading a plausible allegation that the amount in controversy exceeds $75,000 and submitting record evidence in support of the same.

## IV. CONCLUSION

For the foregoing reasons, Defendant BMI respectfully requests that the Court, on an expedited basis, either: (a) strike and disregard Plaintiff's amount-in-controversy argument at pages 2-5 of Plaintiff's Reply, or (b) grant BMI leave to file a Surreply on an expedited basis.

DATED this 1st day of September, 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

Attorneys for Battelle Memorial Institute, dba Pacific Northwest National Laboratory

By *s/Seth J. Berntsen*
Seth J. Berntsen, WSBA #30379
Eva Oliver, WSBA #57019
sethb@summitlaw.com
evao@summitlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing to be served, as indicated, upon the following participants:

Carrie M. Coppinger
COPPINGER LAW P.S.
103 W. Main Street, Suite 202
Everson, WA 98247
cc@coppingerlawps.com
service@coppingerlawps.com

*Attorney for Plaintiff*

***Via CM/ECF and Email***

DATED this 1st day of September, 2026.

*s/Dominique Barrientes*
Dominique Barrientes, Legal Assistant
dominiqueb@summitlaw.com



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone 206.676.7000
Fax 206.676.7001