FILE
IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 3, 2026

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 3, 2026

SARAH R. PENDLETON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

LISA EARL, individually and on behalf of K.S., a minor child and K.W., a minor child; OSCEOLA BLUEHORSE, on behalf of O.B., a a minor child and I.B., a minor child; and THE ESTATE OF JACQUELINE SALYERS, by and through Lisa Earl, the Personal Representative of the Estate,

Petitioner,

v.

SCOTT CAMPBELL; the marital community of Scott and Jane Doe Campbell; AARON JOSEPH a/k/a AARON KOMOMUA; and the marital community of Aaron Joseph/Komomua and Jane Doe Joseph/Komomua; and CITY OF TACOMA,

Respondents.

No. 104495-0

En Banc

Filed: September 3, 2026

JOHNSON, J.— This case involves a plaintiff raising a vicarious liability claim alongside a negligent retention claim in a lawsuit against two police officers

and the city of Tacoma. The claims arise from an incident involving the officers and a fatal shooting. The City claims that because the officers, who were city employees, were acting within the scope of employment, the negligent retention claim is inactionable. The trial court granted a motion to amend, then certified the question to the Court of Appeals. The Court of Appeals reversed and held that the amended complaint adding the negligent retention claim could not be brought because the officers were acting within their duties, so the claim was superfluous to the vicarious liability claim. *Earl v. Campbell*, 34 Wn. App. 2d 632, 570 P.3d 392 (2025).

We hold that both claims are separate causes of action and may be pleaded in a single claim. Additionally, a scope of employment inquiry is not part of our negligent retention analysis. We reverse the Court of Appeals decision and remand to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY

In 2016, Jacqueline Salyers was fatally shot by Officer Scott Campbell when he and Officer Aaron Joseph were attempting to execute an arrest warrant for a passenger in Ms. Salyers's car. Ms. Salyers's mother, petitioner Lisa Earl, sued Officer Campbell and the City, initially alleging that (1) Officer Campbell acted negligently, which proximately caused her daughter's death, and (2) the City was vicariously liable because Officer Campbell was acting within the scope of

employment.[1] After discovery closed on the those claims, Ms. Earl discovered new evidence and formed a theory that Officer Joseph's actions also led to her daughter's death. She discovered prior domestic violence allegations made against Officer Joseph, which she asserts are relevant to his actions during the encounter with Ms. Salyers and indicate that the City became aware several years earlier that he was unfit for employment as a police officer. Based on this information, Ms. Earl moved to amend the complaint to include Officer Joseph's actions in the negligence and vicarious liability claims. Additionally, she claimed the City negligently retained him because it knew about the domestic violence allegations against Officer Joseph but continued to employ him. The latter amended claim is the focus of our review.

The trial court granted Ms. Earl's motion to amend and reopened discovery. The City challenged that decision. The trial court certified a question to the Court of Appeals on whether the negligent retention claim could be pleaded together with the vicarious liability claim. The Court of Appeals reversed and held that where a defendant employer concedes employees were acting within the scope of their employment and the plaintiff brings a vicarious liability claim against the

[1] Ms. Earl brought suit individually and on behalf of other family members and Ms. Salyers's estate. She originally filed her claims in federal court asserting 42 U.S.C. § 1983 and state tort law theories. Ultimately, the state claim was dismissed without prejudice when the federal claim was dismissed on summary judgment.

employer, the plaintiff cannot simultaneously bring a negligent retention claim against the employer. Ms. Earl challenges the Court of Appeals' decision.[2]

## ANALYSIS

Procedurally, this case is at the pleading stage, and we are reviewing a trial court's grant of a motion to amend the complaint, adding a negligent retention claim. The issue involves whether a plaintiff can assert and maintain multiple perhaps inconsistent or seemingly redundant claims.

CR 8 guides pleading standards. In a complaint, pursuant to CR 8(a), a plaintiff must include "(1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader deems the pleader is entitled." The pleading should be concise and direct; consistency is not required. CR 8(e)(2)[3] provides:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether

[2] Amici supporting Ms. Earl's position include the Washington Coalition for Police Accountability, Center for Civil Rights and Critical Justice, Northwest Center for Indigenous Law, National Lawyers Guild, Professor David B. Owens, Sexual Violence Law Center, Coalition Ending Gender-Based Violence, Washington State Coalition Against Domestic Violence/Sexual Assault, and Washington State Association for Justice Foundation.

Amici supporting the City's position include the State of Washington, Washington Cities Insurance Authority, and Washington Counties Risk Pool.

[3] See CR 8 for full text of rule.

> based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in rule 11.

This shows that the defendant's predicted outcome of the theories raised by the plaintiff does not control which claims can be pleaded. Rather, under CR 8, a plaintiff chooses what claims to include in a complaint and takes on the burden to prove the facts supporting those theories. Although CR 8 is not expressly referenced in most of the parties' briefing, the underlying issue, here, is whether the vicarious liability and negligent retention claims can be *pleaded* together and maintained where an employer concedes that its employee was acting within the scope of employment.[4] Here, the City asserts that Ms. Earl's claims cannot be pleaded and maintained together "because they are alternative and mutually exclusive theories of liability, and she relies upon the same set of facts for both claims." Resp't's Answer to Pet. for Rev. at 21. This argument fails because the rule expressly allows alternative theories for recovery.

---

[4] The City urges this court not to consider the CR 8 issue, claiming the parties did not address it in the initial briefing. The CR 8 issue was introduced by amicus curiae Washington Coalition for Police Accountability in support of Ms. Earl's petition for review. The other amici curiae address this issue in their briefs supporting review and general briefs in support of Ms. Earl. Ms. Earl then addressed the issue in her supplemental brief. Further, the City asserts that this case is at the summary judgment stage. We disagree. The Court of Appeals granted discretionary interlocutory review of the trial court's order granting the plaintiff leave to amend the complaint. Additionally, discovery was reopened for the newly amended claim, which relates back to the original claim under CR 15(c). Thus, it is appropriate to characterize the procedural posture of the case as it currently stands as being at the pleading stage.

In *Beltran-Serrano v. City of Tacoma*,[5] we rejected essentially the same argument the City makes here: that this court should narrow its view of the factual circumstances to limit which claims the plaintiff may bring against the City. In that case, Police Officer Michel Volk encountered Beltran-Serrano on the street to inform him about Tacoma's panhandling laws. While waiting for a Spanish-speaking officer to arrive, Officer Volk's interactions with the man escalated, leading her to shoot him in the back as he attempted to flee. Beltran-Serrano filed a complaint against the City for assault/battery and negligent use of deadly force. The trial court granted summary judgment, dismissing the negligence claim. The City asserted that Officer Volk's intentional act, shooting Beltran-Serrano, could not legally support his negligence claim and that the court should not expand the scope of the negligence liability to include the officer's actions preceding the shooting. We rejected that argument and held that an officer's intentional act leading to injury or death did not foreclose a plaintiff pleading both an intentional tort claim and a negligence claim based on the same set of circumstances, which included the officer's actions leading up to the shooting. We reasoned that the complaint encompassed a set of circumstances including the shooting and the broader context of Officer Volk's actions leading up to the shooting and her lack of adequate training. We emphasized that CR 8, which allows for alternate or

---

[5] 193 Wn.2d 537, 442 P.3d 608 (2019).

inconsistent claims that do not bear on the viability of each other, supported this holding. Similarly, here, under CR 8 and *Beltran-Serrano*, Ms. Earl's separate claims of liability encompass a broader set of circumstances: the events surrounding the shooting and the earlier time frame when the City's alleged duty to terminate Officer Joseph was triggered. The vicarious liability claim has no bearing on the viability of the negligent retention claim. Regardless of consistency, Ms. Earl's negligence claims against Officer Joseph and the City may be pleaded together.

The City claims that its concession that the officers were acting within the scope of employment forecloses a negligent retention claim. It reasons that because the vicarious liability theory requires an employee to have acted within the scope of employment, the distinct negligent retention claim necessarily requires an employee to be acting *outside* the scope of employment.

A vicarious liability claim arises when an employee, who is acting within the scope of employment, commits a tort. In such a case, an employer can be held indirectly liable, despite not being at fault, for the injury caused by the employee. A vicarious liability claim fails where an employee is acting outside the scope of employment. *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997).

Liability under a negligent retention theory is analytically distinct from a vicarious liability theory. A negligent retention claim arises where an employer retains an employee despite knowing they are unfit for the job or fails to use reasonable care in discovering an employee's unfitness. *Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343, 356, 358, 423 P.3d 197 (2018). A negligent retention claim is made directly against the employer for their own negligent acts or omissions. Amici curiae Washington Coalition for Police Accountability et al. contend not allowing Ms. Earl to bring direct liability claims would unfairly shield the City's negligence in retaining unfit police officers. Br. of Amici Curiae Wash. Coal. for Police Accountability et al. at 31.

Negligent retention claims, and similar theories of direct liability, stem from the principle that an employer has a duty, limited by foreseeability, to prevent its employees from endangering others. Unlike vicarious liability, the scope of employment does not limit an employer's direct liability where the employer breaches its duty to protect others from foreseeable harm caused by its employees. *Niece*, 131 Wn.2d at 48; *see also* RESTATEMENT (SECOND) OF TORTS § 307, at 98 (A.L.I. 1965) ("It is negligence to use an instrumentality, whether a human being or a thing, which the actor knows or should know to be so incompetent, inappropriate, or defective, that its use involves an unreasonable risk of harm to others."); RESTATEMENT (THIRD) OF TORTS: LIAB. FOR PHYSICAL & EMOTIONAL

HARM § 41 cmt. e at 66-67 (A.L.I. 2012) (Applicable in negligent retention claims unlimited by scope of employment, an employer with employees owes third parties a duty of reasonable care regarding the risks posed by their employees that arise within the scope of the relationship.).

The Court of Appeals relied on *Niece* to conclude that a negligent retention claim required dismissal because it was redundant to a vicarious liability claim. 131 Wn.2d 39. In *Niece*, a lawsuit asserting multiple tort theories was filed against a group home because a staff member sexually assaulted one of the residents. The trial court dismissed all the claims. We reversed the dismissal of the negligent protection claims and held that because of the group home's special relationship with the resident, it had a duty to protect its vulnerable residents from foreseeable harm, including sexual assault. We affirmed the trial court's dismissal of the negligent supervision claim, a theory of direct liability, because we reasoned that it completely overlapped with the revived negligent protection claim, another theory of direct liability. Furthermore, both claims revolved around the same incident: negligent protection from sexual assault and negligent supervision to prevent sexual assault.

*Niece* is distinguishable from this case. Here, a negligence claim based on Officer Joseph's actions at the time of the shooting was raised indirectly against the City under the doctrine of vicarious liability, while the negligent retention

claim was raised directly against the City for failing to terminate Officer Joseph's employment years earlier. Where claims are analytically distinct and involve different negligent acts, they are not superfluous.

A plaintiff can maintain a negligent retention claim where they demonstrate that the employer knew its employee was unfit or could reasonably access information that, if reviewed, would have revealed the employee's unfitness. In *Anderson*, two students died in a car accident after a high school basketball coach served them alcohol at his home. 191 Wn.2d 343. A parent sued the school district, raising multiple theories of liability. We determined in reviewing a summary judgment of dismissal that Anderson's negligent retention claim failed because she did not present evidence showing the district knew about the coach serving alcohol to students. The district conducted a background check on the coach before employing him but did not recall checking the coach's references. However, Anderson did not present evidence that a reference check would have revealed a history of serving alcohol to minors.

Here, Ms. Earl asserts that the City is directly liable for Ms. Salyers's death because it negligently retained Officer Joseph, which was a proximate cause[6] of her death. While the factual record has not been fully developed, Ms. Earl satisfies the elements of a negligent retention claim by alleging the City had information

---

[6] Proximate cause is not at issue in this case.

that Officer Joseph was unfit for employment as a police officer. At this stage in the case and based on the allegations within the complaint, the claim can be maintained.

The City cites several other cases in support of its position that negligent retention claims cannot be raised where the employees were acting within the scope of employment. Those cases do not restrict negligent retention claims to scenarios where an employee was acting outside the scope of employment. For example, *Matsuda v. Hammond*[7] and *Estes v. Brewster Cigar Co.*[8] stand only for the principle that an employer cannot be held vicariously liable when its employee was acting outside the scope of employment.

Another case the City relies on, *La Lone v. Smith*,[9] did not involve a vicarious liability claim. Instead, the *La Lone* court relied on a principal/agent liability theory to affirm the owner's direct liability because the employer knew about the employee's propensity to assault others while on its premises. These cases do not support the City's argument under the facts alleged here.

The City also relies on several Court of Appeals cases that adopted an outside the scope of employment requirement for various direct liability claims

[7] 77 Wash. 120, 137 P. 328 (1913).
[8] 156 Wash. 465, 287 P. 36 (1930), *overruled in part by Mancini v. City of Tacoma*, 196 Wn.2d 864, 880 n.8, 479 P.3d 656 (2021).
[9] 39 Wn.2d 167, 234 P.2d 893 (1951).

against employers for their employees' conduct. For example, in *Hicks v. Klickitat County Sheriff's Office*,[10] the court held that the plaintiff's negligent retention claim failed as a matter of law because it was undisputed that the employee was acting within the scope of employment. In *Evans v. Tacoma School District No. 10*,[11] the court reversed the trial court's dismissal of the various direct liability claims because the employee at issue in that case was acting outside the scope of employment. We disavow and overrule these cases and any others only to the extent they concluded or implied that negligent retention claims are nonviable when employees are acting within the scope of employment. Such a rule is unsupported by our cases.

Amici supporting the City's position rely on *Shielee v. Hill*[12] to assert that negligent retention and vicarious liability claims are mutually exclusive.[13] In *Shielee*, a hotel employed a 16-year-old to operate the guest elevator. Operating the elevator required some manual control, but the elevator also had an automatic mechanism for controlling the downward speed regardless of the operator's manual control of the elevator. On one occasion, shortly after the teenager was hired, the nearly full elevator failed to slow down during its descent to the lobby

[10] 23 Wn. App. 2d 236, 515 P.3d 556 (2022).
[11] 195 Wn. App. 25, 380 P.3d 553 (2016).
[12] 47 Wn.2d 362, 287 P.2d 479 (1955).
[13] Amicus Br. of State of Wash. at 6; Amicus Br. of Wash. Cities Ins. Auth. & Wash. Counties Risk Pool at 9.

causing the elevator to hit the bottom bumper springs and resulting in injury to some of the passengers inside. The elevator inspector, who had inspected the elevator a few days prior to the incident, testified that the elevator was in working order and that the description of the operator's control was appropriate. The plaintiffs claimed that the incident resulted from some act of negligence causing the elevator to crash. The hotel denied any negligence on its part. A jury found for the defendants. On appeal, the plaintiff challenged the propriety of including a jury instruction that told the jury to consider the operator's negligence but not his training or experience, which were not grounds of negligence against the hotel owners. The *Shielee* court upheld the jury instruction. In reaching that conclusion, we reasoned that negligence was not synonymous with incompetence or inexperience and what mattered was whether the operator met the standard duty of care when operating the elevator. Further, we reasoned that whether the employer negligently trained the operator was not a complaint brought by the plaintiffs in that case. *Shielee* does not support the City's position.

The Washington State Association for Justice Foundation, amicus in support of Ms. Earl, claims that allowing plaintiffs to bring concurrent vicarious liability and negligent retention claims against an employer complies with RCW 4.22.070(1). This provision guides fact finders in determining fault contribution when multiple defendants are found liable in a tort case. The provision directs the

fact finder to "determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability." RCW 4.22.070(1). We agree. This provision shows both claims can be maintained together because the fault in a vicarious liability claim lies with the employee while the fault in the negligent retention claim lies with the employer.

Finally, the City argues that the amended negligent retention claim would "taint the trial proceedings with irrelevant and prejudicial allegations about expunged criminal charges" made against Officer Joseph that "literally have nothing to do with the incident leading to Ms. Salyers' death."[14] Allowing the negligent retention claim to survive in this case does not override evidentiary rules or the trial court's ability to instruct the jury.[15] Since procedurally this case is at the pleading stage, issues that may arise on remand, if at all, cannot be resolved here.

The City is also concerned that allowing both claims could result in a double recovery. While it is true an employer can be liable for injuries and damages equally under each or several theories, double damages are not allowed. Concerns about double damages can be addressed through jury instructions, special verdict forms, and posttrial motions. A plaintiff can recover only once for the harm

---

[14] Suppl. Br. of Resp'ts at 18.
[15] *See, e.g.*, *Gerlach v. Cove Apts., LLC*, 196 Wn.2d 111, 120, 471 P.3d 181 (2020) (trial courts are able to balance the probative value of evidence against the risk of prejudicial impact).

suffered. For example, juries are routinely instructed to determine damages and allocate fault between parties.[16] The City's concern is unfounded at this stage.

## CONCLUSION

In summary, no case from this court supports the position that negligent retention claims are barred where the defendant employer concedes its employee was acting within the scope of employment. To the extent they are inconsistent with this opinion, Court of Appeals decisions relied on by the City are overruled. CR 8 and *Beltran-Serrano* support the conclusion that inconsistent claims can be raised together based on the same set of facts. Negligent retention and vicarious liability claims are separate and distinct causes of actions that can be maintained in the same case, especially where the plaintiff identifies different negligent acts. The trial court properly granted Ms. Earl's motion to amend the complaint. We reverse the Court of Appeals' decision and remand to the trial court for further proceedings.

---

[16] *See* 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 31.07.01(7th ed. Supp. 2022).

Johnson, J.

WE CONCUR:

Stephens, C.J.

Whitener, J.

González, J.

Mungia, J.

Gordon McCloud, J.

Melody, J.

Montoya-Lewis, J.

Angelis, J.