FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALARIC HARTSTOCK,<br><br>Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUTE, a foreign non-profit corporation and operator of Pacific Northwest National Laboratory, CASEY PITTMAN, in her official capacity, JESSICA DELUCCHI and JOHN DOE DELUCCHI, in her official capacity and as a marital community, STEVE EKLUND, in his official capacity, and MITCHELL TUFFORD and JANE DOE TUFFORD, in his official capacity and as a marital community,<br><br>Defendants. | NO. 4:26-CV-05098-TOR<br><br>ORDER GRANTING MOTION TO REMAND |

BEFORE THE COURT are Defendants' Motions to Dismiss (ECF Nos. 4, and 7) and Plaintiff's Motion to Remand (ECF No. 5). Also before the Court are Defendant Battelle Memorial Institute's Motion to Strike (ECF No. 14) and related

Motion to Expedite (ECF No. 13). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Remand is granted, and all other pending motions are denied.

**BACKGROUND**

Plaintiff Alaric Hartsock filed in this action on June 4, 2026, in Benton County Superior Court against Defendant Battelle Memorial Institute ("BMI") and individuals employed by BMI, alleging he was discriminated against on the basis of his disability in violation of Washington state laws. ECF No. 1 at 19-22.

The Complaint alleges that Plaintiff is a Washington state resident, Defendant BMI is an Ohio corporation, and the individually named defendants are Washington state residents. *Id*. at 10-11.

BMI was served with the Summons and Complaint on June 10, 2026. ECF No. 2, ¶2. BMI thereafter removed the action to the United States District Court for the Eastern District of Washington on June 26, 2026. *See* ECF No. 1.

**DISCUSSION**

A "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31 (2007). "Without jurisdiction the court cannot proceed at all in any

cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Id*. (citation modified). "The court therefore addresses plaintiff's motion to remand first." *Moore v. Wells Fargo Bank*, 2016 WL 3091087, at *2 (E.D. Cal. June 2, 2016).

**I. Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, a defendant may remove a suit to federal court only if the federal court would have had original jurisdiction at commencement of the action. *See* 28 U.S.C. § 1441(a).

Under the forum-defendant rule, a diversity case cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2)1; *see also Lively v. Wild Oats Mkts., Inc*., 456 F.3d 933, 939 (9th Cir. 2006).

There is a strong presumption against removal jurisdiction, and the court is to resolve all ambiguities in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removing party has the burden of establishing removal is proper. *Id.*

**II. Analysis**

Plaintiff argues this case should be remanded because there is neither diversity of citizenship nor federal question jurisdiction, and that BMI's removal

was procedurally improper based on the forum-defendant rule. BMI argues Plaintiff is a resident of Oregon, creating diversity, and the forum-defendant rule does not apply because the forum-defendants had not been served at the time of removal.

The Notice of Removal alleges that Plaintiff is a citizen of Oregon "upon information and belief." ECF No. 1 at 3. "A [removal] petition alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines,* 217 F.Supp. 525, 527 (N.D. Cal. 1963). Because the only support for BMI's allegation is its own information and belief, the Notice of Removal's allegations are insufficient to establish Plaintiffs' citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner–Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). As a result, BMI's Notice is insufficient to invoke this Court's diversity jurisdiction.

Even assuming BMI could cure the citizen deficiency with amendment, the Court is not persuaded that removal in the instant case is consistent with the forum-defendant rule. *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp*., Inc., 532 F. Supp. 3d 1004 (D. Nev. 2021). Despite not expressly using the term, BMI is invoking "snap removal," that is, removal before a forum defendant is served. *See Hershey v. Lab'y Corp. of Am.*

*Holdings,* 2024 WL 2958947 at *2 (C.D. Cal. June 11, 2024). The permissibility of snap removal remains an open question in this circuit. *Casola v. Dexcom, Inc.,* 98 F.4th 947, 964 (9th Cir. 2024).

Here, BMI has failed to persuade the Court that removal is consistent with Congressional intent, and shares the concerns expressed by other courts that such removals could promote gamesmanship by defendants. *See Deutsche Bank.*, 532 F. Supp. 3d 1004, 1011; *see also Adelaja v. Guillen*, 2025 WL 502050, at *2 (N.D. Cal. Feb. 14, 2025) ("These circumstances suggest an element of gamesmanship in defendants' removal action.") [1]. It is undisputed that the individual defendants are Washington state citizens, and BMI has presented no argument that it will be prejudiced simply because the corporate entity is headquartered in Ohio. It thus appears BMI employed snap removal as a tactical maneuver, not to prevent potential prejudice it may face, but to circumvent Plaintiff's choice of the state court as a forum.

---

[1] The Court in *Adelaja* denied the motion to remand for the purpose of consistency with other courts in the Northern District of California. 2025 WL 502050, at *2. No such consensus among district judges exists in the Eastern District of Washington.

Accordingly, the Court finds BMI's Notice of Removal insufficient to establish diversity jurisdiction that cannot be cured through amendment. Accordingly, the case is to be remanded back to the Superior Court of Benton County. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, **ECF No. 5**, is **GRANTED**.
2. This case is **REMANDED** to Benton County Superior Court, Case No. 26-2-01396-03, for further proceedings.
3. Defendants' pending motions, **ECF Nos. 4, 7, 13, and 14** are **DENIED AS MOOT.** All hearings and other deadlines in this matter are hereby **STRICKEN.**

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to parties, and **CLOSE** the file.

DATED October 26, 2026

THOMAS O. RICE
United States District Judge